In the Matter of SEATRAIN
LINES, INC., Debtor.

Bankruptcy No. 81 B 10311 (EJR).

United States Bankruptcy Court,
S. D. New York.

Sept. 14, 1981.

Stroock & Stroock & Lavan, New York
City, for debtor.

Fried, Frank, Harris, Shriver & Jacobson,
New York City, for Official Creditors' Committee.

EDWARD J. RYAN, Bankruptcy Judge.

On February 11, 1981, a petition under
Chapter 11 of the Bankruptcy Code, 11
U.S.C. § 1101, et seq., was filed against
Seatrain Lines, Inc. ("Seatrain"). Seatrain
consented to the entry of an order for relief
and such an order was granted on February
18, 1981. Seatrain continues to operate its
business as debtor in possession.

On May 13, 1981, Seatrain applied to this
court for an order authorizing the retention
of two maritime engineers as "consultants."
The proposed order set forth the terms under which these consultants were to be employed, including their compensation.

The United States Trustee [1] objected to
the proposed order, arguing that one order
both authorizing retention and approving
compensation was improper in light of 11
U.S.C. § 330. The United States Trustee
also asserted that the consultants were not
"professional persons" within the meaning
of 11 U.S.C. § 327 and, therefore, an order
authorizing their retention was neither necessary nor appropriate.

Section 330 of the Bankruptcy Code allows the court to award reasonable compensation to "professional persons" for services
rendered. The United States Trustee argued that an order providing for compensation of professional persons is inappropriate
until the contemplated services have been
performed.

By its own terms, section 330 is subject to
section 328. Section 328(a) provides that

---

1. The United States Trustee appeared pursuant
to 28 U.S.C. § 586(a)(3).

the trustee,[2] with court approval, may employ professional persons on any reasonable terms. The debtor in possession may provide for the reasonable compensation of "professional persons" pursuant to section 328(a). Section 328, unlike section 330, does not require that compensation be awarded after services are rendered. If maritime engineers were determined to be "professional persons" within the meaning of section 327, one order authorizing both their retention and their compensation would be proper. It is important to note, however, that compensation approved under section 328(a) is subject to review by the court after the conclusion of employment. See, 11 U.S.C. § 328.

■ The primary issue in this case is whether a court order is at all necessary for the retention by Seatrain of maritime engineers. In a reorganization case the debtor in possession may continue the actual operation of its business without the necessity of specific court orders. See, 11 U.S.C. §§ 1107, 1108. One exception to the general rule that the debtor in possession may make business decisions without court approval is contained in section 327(a) of the Code. Section 327(a) requires court approval for the employment of attorneys, accountants, appraisers, auctioneers, or other "professional persons" by the debtor in possession.

■ At the hearing before this court on May 20, 1981, an attorney for the Securities and Exchange Commission [3] argued that if auctioneers are professional persons, then maritime engineers must also be professionals. The court rejects this assertion. In the context of a debtor proceeding, persons in occupations ordinarily considered professions are not necessarily professionals whose retention by the estate requires court approval. For the purposes of section 327(a), "professional person" is limited to persons in those occupations which play a central role in the administration of the debtor proceeding. Court approval is required for the retention of attorneys, accountants, appraisers, auctioneers and persons in other professions intimately involved in the administration of the debtor's estate.

The court recognizes that the maritime engineers proposed by Seatrain will play an important role in the mechanics of Seatrain's operation. Their retention, however, will not affect the administration of Seatrain's reorganization.

After careful consideration of the arguments presented, this court is not persuaded that maritime engineers are professional persons whose retention requires approval by the court. Accordingly, the order is filed unsigned.

---

**2.** Section 1107 of the Bankruptcy Code gives the debtor in possession the rights and duties of the trustee.

**3.** The Securities and Exchange Commission appeared pursuant to 11 U.S.C. § 1109(a).