**UNITED STATES of America ex rel. Kenneth R. KRAFT, Successor Trustee**

v.

**The AETNA CASUALTY & SURETY COMPANY and Irwin A. Deutscher.**

No. 3–84–0077.

United States District Court, M.D. Tennessee, Nashville Division.

Sept. 5, 1984.

Richard J. Braun, Gracey, Maddin, Cowan & Bird, Nashville, Tenn., for plaintiff.

James F. Sanders, Nashville, Tenn., for defendants.

## MEMORANDUM AND ORDER

JOHN T. NIXON, District Judge.

This matter is before the Court on two cross-motions for partial summary judgment. This cause came on to be heard on August 23, 1984. The first cross-motion involves plaintiff's claim against defendants for $28,551.45 arising from the alleged unauthorized extension of credit by defendant Irwin A. Deutscher ("Deutscher") to the estate of Blanton-Smith Corporation. The plaintiff bases his motion on 11 U.S.C. § 364(b), which states that before the trustee may obtain unsecured credit or incurs unsecured debt not in the ordinary course of business, the trustee must first obtain permission from the court. Defendants' cross-motion maintains that plaintiff states no Section 364 violation against defendants.

The facts of importance to this motion are as follows. Defendant Deutscher was trustee for both Lamsteel Corporation, to which plaintiff is successor trustee, and Blanton-Smith Corporation. Some of the individuals hired to administer the Lamsteel estate also did work for the Blanton-Smith estate; however, the Blanton-Smith estate never reimbursed the Lamsteel estate for the cost of those services. In essence, plaintiff argues that Blanton-Smith incurred debt and Lamsteel extended credit.

Upon careful review of the complaint in this action, as well as plaintiff's motion, the Court must conclude that defendant Deutscher, as trustee, never obtained credit or incurred debt under 11 U.S.C. § 364(b). It was Blanton-Smith that incurred the debt. Lamsteel extended credit, but 11 U.S.C. § 364(b) does not proscribe this action. Plaintiff cites no authority for the proposition that it has standing to challenge the failure of the trustee for Blanton-Smith to obtain court approval before incurring debt from Lamsteel. Because plaintiff has failed to state a violation of 11 U.S.C. § 364, the Court hereby GRANTS defendants' motion for partial summary judgment as to extension of credit to Blanton-Smith and DENIES plaintiff's motion for partial summary judgment.

The second cross-motion for partial summary judgment involves a claim against defendants arising from the payment by defendants of $20,952.00 to Continental Enterprises ("Continental"). Plaintiff alleges that the payment constituted a payment to an appraiser. According to the plaintiff, the trustee or debtor-in-possession is required to obtain court approval under 11 U.S.C. § 327 in order to hire an appraiser. Plaintiff also alleges that defendant Deutscher did not report the nature of Continental's services to the Bankruptcy Court. Plaintiff contends that defendants should be surcharged for Deutscher's breach of duty in failing to comply with Section 327. Defendants concede that Deutscher did not obtain court permission before employing Continental but maintain that permission was not necessary because Continental was not a professional appraiser within the meaning of Section 327.

In order to determine whether defendants are liable, the Court must engage in the following analysis:

(1) Was Continental an appraiser?

(2) If so, was Continental's work covered by 11 U.S.C. § 327?

(3) If Section 327 did apply to some of Continental's work but not to all of it, to what extent are defendants liable for failure to comply with the section's requirement?

As to the first part of the analysis, it is clear to the Court that Continental was an appraiser and that appraising services were performed. The individual responsible for performing Continental's services to the trustee was John Heldreth. The record reveals that Heldreth had performed appraisals in the past for Deutscher and that on at least one occasion Deutscher sought and obtained court approval under Section 327 before hiring Heldreth. Furthermore, in defendants' memorandum and oral argument before this Court, the defendants admit that Heldreth helped evaluate the assets of Lamsteel. Thus, the Court concludes that Continental did perform services as an appraiser in this case.

The second part of the analysis requires the Court to determine whether 11 U.S.C. § 327(a) requires that the bankruptcy court approve the employment of Continental. Section 327(a) provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

The Bankruptcy Code does not define the term "appraiser". Neither does the Code suggest that the trustee need not seek court approval for one whose work is only partly that of an appraiser. The Code does state, however, that not all individuals normally considered as professionals will be deemed professionals for purposes of Section 327.

> Section 327(b) provides as follows:

> If the trustee is authorized to operate the business of the debtor under section 721 or 1108 of this title, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business.

11 U.S.C. § 327(b).

It is clear that if the business has employed a professional person on salary, court approval is not necessary, but in this case Lamsteel did not regularly employ an appraiser. Thus, a strict reading of the statute indicates that court approval was required.

In order to distinguish between professionals who are covered by Section 327 and those who are not covered, defendants argue that if the professional is involved in the "mechanics" of the debtor's business, Section 327 does not require court approval. Conversely, defendants contend that if the trustee hires the professional for the "administration of the estate," then the trustee must receive court approval.

Defendants cite *In re Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr.S.D.N.Y.1981) in support of this proposition. *Seatrain Lines* involved an attempt by a debtor-in-possession to seek court approval for the retention [1] of two maritime engineers as "consultants". *Id.* at 980. The United States Trustee, appearing pursuant to 28 U.S.C. § 586(a)(3), asserted that the engineer/consultants were not professional persons within the meaning of Section 327. The court agreed that the debtor-in-possession did not need court approval for the retention of the consultants because the debtor-in-possession was retaining them to assist in the "mechanics" of the business, not in the "administration" of the estate. *Id.* at 981. In the instant case defendants assert that because most of Continental's services involved the operations or mechanics of Lamsteel's business, court approval was not necessary. They further contend that in order to prevail, plaintiffs must demonstrate that Continental's principal service was that of an appraiser.

In this Court's opinion, the defendants have failed to note a critical distinction between *Seatrain Lines* and the case at bar. In *Seatrain Lines*, there was no indication that *any* part of the engineers' work was attributable to the administration of the estate. In the instant case, defendants acknowledge that some of the services of Continental did in fact benefit the administration of the estate. Defendants, however, argue that one of the goals of Congress when it enacted the Bankruptcy Code was to remove the Bankruptcy Court from the daily operations of the administration of the debtor's estate; therefore, they maintain, this Court should give a broad reading to the trustee's authority under Section 327 and permit the trustee to hire professional persons without the court's authorization if the work performed is not principally covered by Section 327(a).

1. The word retention as used by the court apparently meant to hire, inasmuch as the opinion does not indicate that the engineers were on the payroll prior to the filing.

This Court disagrees. It is clear that Congress intended to reduce involvement of the Bankruptcy Court in the administration of the estate, but Section 327 must be viewed as an exception to that rule. *Seatrain Lines*, 13 B.R. at 980. Therefore, the Court holds that defendant Deutscher was required by 11 U.S.C. § 327(a) to have court approval before he hired Continental to perform work as an appraiser for the administration of the estate.

The final step in the analysis concerns the liability of defendants for failure to receive court approval for the appraisal services of Continental. The trustee or debtor-in-possession must receive authorization from the court before hiring one who is a professional person under 11 U.S.C. § 327(a). *See, e.g., In re Morton Shoe*, 22 B.R. 449, 450 (Bankr.D.Mass. 1982). One is barred from making a claim against the estate if authorization from the court is not obtained. *In re Mork*, 19 B.R. 947, 948 (Bankr.D.Minn.1982). "It has been the consistent practice and requirement that professional persons are not entitled to compensation out of an estate unless an order is obtained approving the initial retention ...." *Id. See also In re Futuronics Corp.*, 655 F.2d 463, 469 (2d Cir.1981), *cert. denied*, 455 U.S. 941, 102 S.Ct. 1435, 71 L.Ed.2d 653 (1982); *In re Rene Press*, 23 B.R. 381, 383 (Bankr.D. Mass.1982), *vacated on other grounds*, 29 B.R. 446 (Bankr. 1st Cir.1983); *In re Holiday Mart, Inc.*, 18 B.R. 212, 215–16 (Bankr. D.Hawaii 1982); *In re Morton Shoe*, 22 B.R. at 450; *In re Garland Corp.*, 8 B.R. 826, 828 (Bankr.D.Mass.1981); *In re McAuley Textile Corp.*, 11 B.R. 646, 648 (Bankr. D.Me.1981). *See generally* 2 Collier on Bankruptcy ¶ 327.02 (15th Ed.1982). In addition, *nunc pro tunc* orders are rarely allowed. *In re Mork*, 19 B.R. at 949; *In re Schatz Federal Bearings Co., Inc.*, 17 B.R. 780, 783 (Bankr.S.D.N.Y.1982). *Cf. In re Triangle Chemicals*, 697 F.2d 1280, 1289 (5th Cir.1983).

This case, however, is partially distinguishable from the cases cited above in that defendants allege that only part of Continental's services was as an appraiser for the administration of the estate. Based on this Court's finding above that Continental served as an appraiser under Section 327(a), the burden must shift to the defendants, as applicants for reimbursement, to demonstrate the extent, if any, to which Continental's services were not covered by Section 327(a). *See In re R. Hoe & Co., Inc.*, 471 F.Supp. 493, 500–01 (S.D.N.Y. 1979); *In re Holiday Mart*, 18 B.R. at 215–16. Because defendants allege that part of Continental's services did not constitute the services of an appraiser, plaintiff's motion for partial summary judgment is not well taken as to the amount of the surcharge against defendants. Thus, the Court hereby GRANTS plaintiff's motion for partial summary judgment as to defendants' liability for a surcharge as to payments to Continental but DENIES plaintiff's motion in part as to the amount of the surcharge. The Court DENIES defendants' motion for partial summary judgment.