**In re Haakon FRETHEIM, Debtor.**

**Bankruptcy No. 5–86–00732.**

United States Bankruptcy Court,
D. Connecticut.

July 27, 1989.

Craig I. Lifland, Zeisler & Zeisler, P.C., Bridgeport, Conn., for debtor.

ALAN H. SHIFF, Bankruptcy Judge.

The debtor moves for reconsideration of this court's order which denied in part reimbursement of expenses incurred during the administration of the chapter 11 case.

## BACKGROUND

The debtor filed a petition under chapter 11 on October 31, 1987, and the case was converted to chapter 7 on February 27, 1989. At a January 5, 1988 hearing, special counsel for the debtor sought, *inter alia,* interim reimbursement of $2,149.00 for the expense charged by S.E. Minor & Company which had performed a land survey of certain property of the debtor's estate in preparation for its sale. At that hearing, I determined that the expense was not reimbursable under Code § 331[1] because the employment of Minor had not been authorized under § 327(a).

---

1. Code § 331 provides:

A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

Generally, compensation for services will be denied to a professional person when that person's employment was not authorized by the bankruptcy court. *See In re S.T.N. Enter., Inc.,* 70 B.R. 823, 831 (Bankr.D.Vt.1987); *In re Maller Restaurant Corp.,* 57 B.R. 72, 74 (Bankr.E.D.N. Y.1985); *In re Brown,* 40 B.R. 728, 731 (Bankr. D.Conn.1984).

The debtor argues that Minor merely played a mechanical role and was not "intimately involved" in the administration of the case and that § 327(a) was not intended to require approval of the employment of such persons.

## DISCUSSION

■ Bankruptcy Code § 327(a) provides in part:

Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Some courts have adopted what appears to be a quantitative test for determining whether a person is a professional within the meaning of § 327(a). Those courts look to whether such a person plays a "central role" or is "intimately involved" in the administration of the debtor's estate. *See, e.g., In re Leslie Oil and Gas Co., Inc.,* 98 B.R. 774, 775–76 (Bankr.S.D.Ohio 1989); *In re Park Ave. Partners Ltd. Partnership,* 95 B.R. 605, 616 (Bankr.E.D. Wis.1988); *Dola Int'l Corp. v. Bordlemay (In re Dola Int'l Corp.),* 88 B.R. 950, 954 (Bankr.D.Minn.1988); *In re Channel 2 Assoc.,* 88 B.R. 351, 352 (Bankr.D.N.M.1988); *In re Lowry Graphics, Inc.,* 86 B.R. 74, 78 (Bankr.S.D.Tex.1988); *In re Northeast Dairy Coop. Fed'n, Inc.,* 74 B.R. 149, 154 (Bankr.N.D.N.Y.1987); *Matter of Seatrain Lines, Inc.,* 13 B.R. 980, 981 (Bankr.S.D.N.Y.1981).

■ I find that, as a practical matter, a quantitative test is difficult to apply and subject to arbitrary and inconsistent results, particularly when approval of employment is sought early in a case and the degree of future participation is unknown. For § 327(a) to be applicable, an employee's function must be related to the administration of the debtor's estate. *See United States ex rel. Kraft v. Aetna Casualty & Sur. Co.,* 43 B.R. 119, 121–22 (M.D.Tenn. 1984); *Committee of Asbestos–Related Li-*

*tigants and/or Creditors v. Johns–Manville Corp. (In re Johns–Manville Corp.),* 60 B.R. 612, 620–21 (Bankr.S.D.N.Y.1986) ("[P]ersons with such a tangential relationship to the administration of the [debtor's] ... estate do not fall within the rubric of 'professional persons' in § 327(a)."). But once that predicate has been established, a qualitative analysis of the services to be rendered provides a better answer to whether § 327(a) is applicable. That is, it must be determined whether an employee is to be given discretion or autonomy in some part of the administration of the debtor's estate. *In re Leslie Oil and Gas Co., Inc., supra,* 98 B.R. at 775–76; *In re Park Ave. Partners, supra,* 95 B.R. at 616; *In re Frederick Petroleum Corp.,* 75 B.R. 774, 780 (Bankr.S.D.Ohio 1987).

Such a test is consistent with a primary purpose of § 327(a) to prevent conflicts of interests which "erode the confidence of other parties in the administration of ... [the] estate to say nothing of public confidence in the administration of justice in bankruptcy courts." *In re Intech Capital Corp.,* 87 B.R. 232, 236 (Bankr.D.Conn. 1988). *See also In re Leslie Oil and Gas Co., Inc., supra,* 98 B.R. at 775–76; *In re Lowry Graphics, Inc., supra,* 86 B.R. at 79; *In re Frederick Petroleum Corp., supra,* 75 B.R. at 780. Thus, under a qualitative analysis, court scrutiny is focused where it is needed, so that, for example, approval must be sought for the employment of a person with a relatively small task but a large measure of discretion in performing it but not sought for a person who is to perform an important but nondiscretionary task.

## CONCLUSION

A surveyor performs an essentially mechanical, nondiscretionary task and court approval of such employment is not required under § 327(a). Accordingly, the debtor's special counsel's application for reimbursement of $2,149.00 is approved, and IT IS SO ORDERED.