In re FLORIDA AIRLINES,
INC., Debtor.

David STEMPLER, Appellant,

v.

Chris C. LARIMORE, Trustee, Appellee.

Bankruptcy No. 89–280–CIV–T–17A.

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 30, 1990.

Don M. Stichter, Stichter & Riedel, P.A., Tampa, Fla., Darryl R. Richards, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, Fla., for appellant.

Shirley C. Arcuri, Straske, Farfante and Watkins, P.A., Tampa, Fla., for appellee.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the court on appeal from the Order on Objection to Claim in Case No. 80–79, entered October 11, 1985, by Chief Bankruptcy Judge Alexander L. Paskay.

ISSUES:

I. Whether or not the trial court correctly ruled that Appellant, as president of Florida Airlines, Inc., the debtor-in-possession, was a "professional person" under 11 U.S.C. Section 327(a) whose compensation is therefore required to be authorized by the bankruptcy court and is subject to judicial scrutiny.

II. Whether or not the trial court abused its discretion by failing to enter a *nunc pro tunc* order approving Appellant's salary.

III. Whether or not the trial court erred in denying Appellant's claim for unpaid aircraft lease payments.

## STANDARDS OF APPELLATE REVIEW

The applicable standards of appellate review are as follows:

> The burden is squarely on the appellant to show the appellate court that a finding is clearly erroneous, *Griffin v Missouri Pacific Railway Co.*, 413 F.2d 9 (5th Cir.1969), Bankruptcy Rule 8013, and reversal of a finding is proper only when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 [68 S.Ct. 525, 542, 92 L.Ed. 746] (1948); *Inter-Cities Navigation Corp. v. United States*, 608 F2d 1079, 1082 (5th Cir.1979). *Matter of Multi-ponics, Inc.*, 622 F.2d 709, at 713. Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts. However, due regard is given to the opportunity of the trial court to "judge the credibility of the witnesses."

This Court has carefully reviewed the memorandum order of Judge Paskay, as well as the briefs of both parties. Under the standards quoted above, the Court finds that the findings of fact contained within the order are not clearly erroneous. The Court also finds that the conclusions of law contained in Judge Paskay's order are sound. Accordingly, this Court affirms the ruling of the Bankruptcy Court.

DISCUSSION

### I.

■ The first matter for discussion is whether the Bankruptcy Court correctly ruled that Appellant, as president of the debtor-in-possession, was a "professional person" under 11 U.S.C. Section 327(a) whose compensation is required to be authorized by the Bankruptcy Court. This Court finds the cases and rules cited by Appellee to be persuasive. Appellant, in his capacity as president of the debtor-in-possession, plays a central role in the administration of the debtor proceeding and thus qualifies as a "professional person" under the rule established in *In the Matter of Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr.S.D.N.Y.1981).

■ As Appellee has correctly noted, the standardized form used in all operating Chapter 11 cases pending in the Middle District of Florida contains the following language:

> The debtor in possession is authorized, subject to the control of the Court, to operate its business and manage its prop-

erty, and to employ, discharge, fix the salaries and compensations of all managers, agents, and employees, *except salaries and compensation of the debtor or its attorneys, officers, directors, and shareholders, whose compensation shall be determined by the Court;* ... (emphasis added) Local Form No. 4, Local Rules, United States Bankruptcy Court, Middle District of Florida.

After the determination that Appellant is a "professional person" within the meaning of 11 U.S.C. Section 327(A), the above rule applies to mandate prior court approval of the compensation of such "person." The Court cannot allow Appellant to circumvent the purpose behind the provisions of the code by relying on the Bankruptcy Court's prior approval of an entirely different individual who previously occupied the position of president of the debtor-in-possession. The rules and the purposes behind the rules do not contemplate such a situation, and this Court refuses to open the door by endorsing Appellant's argument. If the rules did allow this, any person with a controlling interest of a debtor-in-possession could employ inappropriate and inadequate individuals to manage the debtor-in-possession by simply replacing officers who had received proper prior court approval. The purpose of the rule is to protect creditors from a needless depletion of the debtor's assets while allowing the debtor to continue its operations with the relatively simple requirement of obtaining prior court approval. For the above reasons, Appellant was a professional person within the meaning of 11 U.S.C. Section 327(A) and subject to the requirement of prior approval.

## II.

As to the second issue, this Court agrees with the Bankruptcy Court's decision that Appellant's circumstances do not justify his employment on a *nunc pro tunc* basis. *Nunc pro tunc* orders are extraordinary in nature but may be granted if Appellant can show that the application would have been approved had the same been presented prior to the employment of the professional, and that the failure to file

a timely application was due to *excusable* neglect and the fault of the trustee or the debtor-in-possession and *not* the professional. *Matter of Lindo's Tours, USA, Inc.* 55 B.R. 475 (Bkrtcy.M.D.Fla.1985). Appellant has failed to prove that he has satisfied either requirement. Appellant advances inadequate reasons to justify his failure to timely file an application. As an attorney, Appellant was well aware of the requirement of *prior* judicial approval of officers of corporations in such situations. Furthermore, Appellant should know of the reason behind the rule: prevention of needless and unsupervised dissipation of the debtor's estate. While Appellant makes a novel argument by trying to place himself within the category of 11 USC 327(b), thus seeking to evade the requirement of prior approval, this attempt to circumvent 11 USC 327(a), and the legislative purpose behind that rule, must fail. Clearly, prior court approval would have been necessary for Appellant's claim for unpaid wages to have any merit.

## III.

In order to address Appellant's final contention, this Court must construe the "in the ordinary course of business" provision in 11 USC 327(b), which provision was also contained in an Order authorizing the debtor-in-possession to continue business entered by the Bankruptcy Court on February 4, 1980. Both Appellant and Appellee rely on *In re Berkley Multi–Units, Inc.,* 88 B.R. 394 (Bankr.M.D.Fla.1988). *Berkley Multi–Units* outlines the purpose of 11 USC 327(b), which is to allow the debtor-in-possession to continue its "daily operations" without incurring the burden of obtaining court approval for *minor* transactions. The transactions for which Appellant now requests reimbursement were neither minor nor in the ordinary course of business as contemplated by the bankruptcy code. The debtor-in-possession is responsible for preserving the assets of the estate. Further, court approval of large or unusual transactions, such as the leases involved here, is an added safeguard which must be strictly adhered to for the

protection of the creditors. Because the transactions in question were not within the ordinary course of business as contemplated by the purpose of the bankruptcy code, and because no prior court approval was sought or received, Appellant's request is denied.

This Court, having carefully considered the issues on appeal, and based on the foregoing, concludes that the Bankruptcy Court did not err in its decision denying Appellant's claims. Accordingly, it is

ORDERED that the order on objection to claim in Case No. 80–79, filed October 11, 1985, be affirmed. The Clerk of the Court is directed to enter judgment for Appellee in accordance with this Order, and dismiss the case. Appellant's motion for oral argument dated August 16, 1989 is hereby denied. Appellant's motion to strike is denied.

DONE and ORDERED.