**In re Leonard M. SEMENZA, Debtor.**

**Bankruptcy No. 89–41188–007.**

United States Bankruptcy Court, D. Montana.

Oct. 31, 1990.

Gary S. Deschenes, Great Falls, Mont., trustee.

Robert G. Drummond, Marra, Wenz, Johnson & Hopkins, P.C., Great Falls, Mont., for Global Financial Services and Florence Parmelee.

Larry Epstein, James C. Nelson, Werner, Nelson & Epstein, Cut Bank, Mont., for Lyon Oil, Mike Dusterhoff and Kal Petroleum.

Randall O. Skorheim, Overfelt Law Firm, P.C., Great Falls, Mont., for Leonard M Semenza.

William A. Squires, Matteucci & Falcon, Great Falls, Mont.

### ORDER

JOHN L. PETERSON, Bankruptcy Judge.

Pending in this Chapter 7 case is a Petition For Employment of Paralegal by the Trustee. On July 17, 1990, the Court entered an Order employing the law firm of Alexander, Baucus & Linnell, P.C. as attorneys for the Trustee.

The pending Petition states that Linda C. Walsh and James Romenesko are employees of the above law firm as paralegals/legal assistants and that it is the practice of the firm to bill "quasi-legal" work performed by such individuals at the rate of $45.00 per hour. Linda Walsh has been an employee of the firm since 1980, having received a degree of Associate of Science of Paralegal Studies from the College of Great Falls. The other employee has been employed since February, 1990, holds a B.S. degree in sociology and has an employment record which includes being director of St. Vincent de Paul Society. Evidently the Petition is filed pursuant to Section 327 of the Code, although the petition is silent

as to the Code authority and there is no supporting Affidavit of disinterested person as required by Bankruptcy Rule 2014.

Both Section 327 and Bankruptcy Rule 2014 govern employment of "professional persons". Section 328(a) provides that the Trustee, with Court approval, may employ professional persons on any reasonable terms. Section 327(a) requires employment of attorneys, accountants, appraisers, auctioneers or other "professional persons" by the Trustee upon approval of the court. Beginning with *In the Matter of Seatrain Lines, Inc.*, 13 B.R. 980 (Bankr.S.D.N.Y. 1981), the courts have struggled with the term "professional person". *Seatrain* held that under § 327(a), professional person is limited to persons in those occupations which play a central role in the administration of the Debtor's proceeding, so that court approval is required for the retention of attorneys, accountants, appraisers, auctioneers and persons in other professions intimately involved in the administration of the Debtor's estate. *Seatrain* and its progeny do not recognize as "professional persons" under § 327(a) those who are involved in the "mechanics" of the Debtor's operations, no matter how important their role. This approach, however, has been criticized in later cases such as *In re Fretheim*, 102 B.R. 298, 299 (Bankr.Conn. 1989), where the court found such definition difficult to apply and subject to arbitrary and inconsistent results, therefore holding:

> " . . . For § 327(a) to be applicable, an employee's function must be related to the administration of the debtor's estate. *See, United States ex rel. Kraft v. Aetna Casualty & Surety Co.*, 43 B.R. 119, 121–22 (N.D.Tenn.1989); *Committee of Asbestos–Related Litigants and/or Creditors v. Johns–Manville Corp., et al., (In re Johns–Manville Corp.)*, 60 B.R. 612, 620–21 (Bankr.S.D.N.Y.1986). (Persons with such a tangential relationship to the administration of the [debtor's] . . . estate do not fall within the rubric of 'professional persons' in § 327(a)). But once the predicate has been established, a qualitative analysis of the services to be rendered provides a better answer to whether § 327(a) is applicable. That is, it must be determined whether an employee is to be given discretion or autonomy in some part of the administration of the debtor's estate. *In re Leslie Oil and Gas Co., Inc.*, supra, 98 B.R. [774] at 775–76 [Bankr.S.D.Ohio 1989]; *In re Park Ave. Partners*, supra [95 B.R. 605], at 616 [Bankr.E.D.Wis. 1988]; *In re Frederick Petroleum Corp.*, 75 B.R. 774, 780 (Bankr.S.D.Ohio 1987).

\* \* \* \* \* \*

> Thus, under a qualitative analysis, court scrutiny is focused where it is needed so that, for example, approval must be sought for the employment of a person with a relatively small task but a large measure of discretion in performing it but not sought for a person who is to perform an important but nondiscretional task."

In Montana, the practice of law is strictly governed, more by court rules than by statute. *Kradolfer v. Smith*, —— Mont. ——, —— P.2d ——, 47 St.Rep. 1861 (1990). See, e.g., Local Bankruptcy Rules For the United States Bankruptcy Court For the District of Montana, Rule 2, incorporating by reference Rules 110–1, 110–2 and 110–3 of Rules of Procedure of the United States District Court For the District of Montana (January 1, 1983) (amended 6–17–85). Rule 110–3 provides each attorney practicing in the court is bound by the Standards of Professional Conduct of Attorneys set forth in the American Bar Association's (ABA) Canon of Professional Ethics. The Supreme Court of Montana, following unification of the State Bar, *In re Application For Unification of the Bar of the State of Montana*, 163 Mont. 523, 518 P.2d 32 (1974) and *In re Unified Bar of Montana*, 165 Mont. 1, 530 P.2d 765 (1975), has adopted the ABA Rules of Professional Conduct. Rule 5.3 *Responsibilities Regarding Nonlawyer Assistants* provides:

> "With respect to a nonlawyer employed or retained by or associated with a lawyer:
>
> (a) a partner in a law firm shall make reasonable efforts to ensure that the

firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligation of the lawyer;

(b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligation of the lawyer; and

(c) a lawyer shall be responsible for conduct of such a person that would be a violation of the rules of professional conduct if engaged in by a lawyer if:

(1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or

(2) the lawyer is a partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action."

Finally, Section 37–61–201 Mont.Code Ann. (1989), defines who is considered practicing law. *See, Pulse v. North American Land Title Co.,* 218 Mont. 275, 707 P.2d 1105, 1109 (1985).

By contrast, the only statutory definition of "paralegal" or "legal assistant" in Montana is contained under provisions dealing with private investigators and patrol officers, wherein Section 37–60–101(12) defines the terms as:

" 'Paralegal' and 'legal assistant' means a person qualified through education, training, or work experience to perform substantive legal work that requires knowledge of legal concepts and that is customarily but not exclusively performed by a lawyer and who may be retained or employed by a lawyer, law office, governmental agency or other entity or who may be authorized by administrative, statutory or court authority to perform this work."

The above statutes, §§ 37–60–301 et seq., provide for licensing of persons employed by a contract security company, a private investigator or private security guard, but such licensing exempts attorneys, legal interns, paralegal or legal assistants employed by a licensed attorney (§ 37–60–105(4)), obviously to allow such person the right to investigate client cases handled by attorneys—either civilly or criminally.

From all the above, it is clear to the Court that since Montana does not require any licensing or examination of paralegals, nor has it set standards based upon special educational training, background and experience, paralegals are not professional persons as that term is used in § 327 and 328. Moreover, such persons do not meet the qualitative test set forth in *Fretheim,* supra, for under the Rules of Professional Conduct, it is incumbent upon the attorney-employer to supervise and direct the activities of the paralegal, for the lawyer is responsible for their conduct. Thus, to paraphrase *Fretheim,* paralegals do not possess the large measure of discretion in performance of their duties which is required of a professional person.

The pending Motion does not address and I do not decide the issue of whether paralegals or legal assistants employed by attorneys appointed under § 327 and 328 may be compensated under § 330. The cases which address such issue indicate such compensation is allowed when the services are necessary, reasonable, detailed, and benefit the estate. *See, for example, In re McClung,* 8 Mont.B.R. 454, 455 (Bankr. Mont.1990) 1990 WL 182337; *In re Thacker,* 48 B.R. 161, 163, 165 (Bankr.N.D.Ill. 1985) and *In re Jensen–Farley Pictures, Inc.,* 47 B.R. 557, 583–584 (Bankr.Utah 1985).

IT IS ORDERED the Trustee's Petition For Employment of paralegals is denied.