**In re SIREFCO INCORPORATED, a Delaware corporation, Debtor.**

**Bankruptcy No. 92–40427–11.**

United States Bankruptcy Court, D. Montana.

Sept. 3, 1992.

Robert G. Drummond, Marra, Wenz, Johnson & Hopkins, P.C., Great Falls, Mont., for debtor.

## AMENDED ORDER

JOHN L. PETERSON, Bankruptcy Judge.

In this Chapter 11 case Robert G. Drummond of Marra, Wenz, Johnson, & Hopkins, P.C. ("Applicants"), attorneys for the Debtor-in-Possession (DIP), filed fee applications on June 22, 1992, and on July 22, 1992, requesting attorneys' fees in the sum of $4,073.80 and reimbursement for costs in the sum of $1,465.13. No objection to the fee applications has been filed.

The DIP filed a Chapter 11 Petition on March 18, 1992. Applicants filed the required F.R.B.P. 2016(b) disclosure, F.R.B.P. 2014(a) Affidavit, and an Application For Employment, all on the petition date. This Court granted Applicants' employment application on March 23, 1992.

The fee applications request $607.50 in fees for Applicants for services provided before the petition date. This Court has previously held that a fee cannot be accorded an administrative expense priority if the obligation was incurred by the Debtor before the filing of the bankruptcy petition. *In re Nicholson, Inc.*, 5 Mont.B.R. 172, 175 (Bankr.Mont.1987) (citing *In re Yermakov*, 718 F.2d 1465, 1469–1470 (9th Cir.1983). There is a recognized *de minimis* exception "where services are performed on essentially an emergency basis at the beginning of a bankruptcy case and where the required application is made promptly thereafter. Such situations, however, would only involve relatively short 'gap' periods and small sums." *In re B.E.S. Concrete Products, Inc.*, 93 B.R. 228, 232 (Bankr.E.D.Cal.1988) Ftn. 5.

Upon review of the fee applications and attached billing statements, this Court finds that Applicants have failed to provide any explanation for the necessity or emergency nature of the pre-petition services, or for Applicants' failure to gain Court approval of employment before providing such services. The pre-petition services consist mostly of the preparation of the Plan and Disclosure Statement, which were filed on the petition date. Under Chapter 11, however, the DIP has a 120–day period of exclusivity for the filing of a Plan, 11 U.S.C. § 1121, so no emergency caused by Code requirements prompted the Applicants to prepare the Plan and Disclosure

Statement for filing on the petition date. Upon review of the record, the Court finds the Applicants have failed to show an emergency justifying the pre-petition fees. Thus the rule of *Nicholson* applies, and the $607.50 in pre-petition fees are disallowed administrative expense treatment for Applicants' failure of the burden of proof.

Extensive case law has developed regarding fees requested from bankruptcy estates. This Court has compiled many of them in *In re WRB–West Associates*, 9 Mont.B.R. 17, 18–20 (Bankr.Mont.1990):

> Pursuant to 11 U.S.C. §§ 327–330 and Bankruptcy Rules 2016 and 2017, this Court has an independent judicial responsibility to evaluate fees requested from the estate. *In re S.T.N. Enterprises, Inc.*, 70 B.R. 823, 831 (Bankr.Vt.1987); *In re Seneca Oil Co.*, 65 B.R. 902 (Bankr.W.D.Okla.1986); *In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bankr.Colo. 1987). The burden of proof to show entitlement to all fees requested from the estate is on the applicant. *In re Lindberg Products, Inc.*, 50 B.R. 220, 221 (Bankr.N.D.Ill.1985). This burden is not to be taken lightly, especially given the fact that every dollar expended on fees results in a dollar less for distribution to creditors of the estate. *In re Yankton College*, 101 B.R. 151, 158 (Bankr.S.C. 1989); *In re Pettibone Corp.*, 74 B.R. 293, 305 (Bankr.N.D.Ill.1987). All expenses and fees must be shown as both actual and necessary under § 330(a)(2) of the Code. *S.T.N.*, supra at 834; *Yankton College*, supra at 158; *Seneca Oil*, supra at 912.

 This Court takes its independent responsibility to evaluate fee applications seriously, and places the burden of proof of entitlement to fees and costs squarely on the Applicants.

*In re Convent Guardian Corp.*, 103 B.R. 937, 939–940 (Bankr.N.D.Ill.1989) holds:

> Bankruptcy Rule 2016 provides that "[a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." The Application should contain a detailed list of expenses including the date, the type and the amount. Expenses must be actual not estimates. *In re Wildman*, 72 B.R. 700–731 (Bankr. N.D.Ill.1987); *In re Marsh*, 14 B.R. 615, 617 (Bankr.E.D.Pa.1981). An expense is necessary if it is incurred because it was reasonably needed to accomplish the proper representation of the client. *Wildman*, 72 B.R. at 731.

Applicants filed a billing statement along with each fee application. With certain exceptions, this Court finds that the billing statement provides sufficient detail to enable this Court to undertake its evaluation. The exceptions are insufficient detail of the photocopy charges, FAX charges, express mail charges, research, and computer research charges.

 In addition, the billing statement shows a single charge of $14.80 for an individual named Jan Abbott on March 12, 1992, for 0.4 hours of the following services: "Review and Proofread Plan and Disclosure Statement w/RGD." Abbott, by the hourly charge of $37, is apparently the paralegal mentioned in the employment application. Under 11 U.S.C. § 330(a)(1), this Court may award reasonable compensation to a paraprofessional person employed by a professional person employed under § 327 or § 1103 of the Bankruptcy Code.

This Court addressed compensation of paralegals in *In re Semenza*, 121 B.R. 56, 58 (Bankr.Mont.1990), where we noted that cases addressing compensation of paralegals or legal assistants indicate such compensation is allowed when the services are necessary, reasonable, detailed, and benefit the estate. (Citations omitted). This Court finds that the reviewing and proofreading performed by Abbott in this case is duplicative in nature, and thus unnecessary and not beneficial to the estate. Therefore, the $14.80 in paralegal fees is disallowed. This Court adds that the burden is on Applicants to show that the services provided by paralegals are not merely secretarial in nature,

and that the services were performed under the supervision of an attorney. That burden is not met in the instant case.

 The fee applications request a total of $326.60 for photocopies. No explanation is provided of what was photocopied, or why, or how the copies were necessary to the estate. Furthermore, the Applicants do not provide any detail of the actual cost of photocopies, as is required by 11 U.S.C. § 330(a)(2). *In re Bob's Supermarket's, Inc.*, 10 Mont.B.R. 240, 245 (Bankr.Mont. 1992) (Citing *In re C F & I Fabricators of Utah, Inc.*, 131 B.R. 474, 494 (Bankr. D.Utah 1991)). The applications state only that copies are charged at the rate of 20 cents. For Applicants' failure to provide such explanation and actual costs, this Court finds that the Applicants have failed their burden of proof to entitlement to reimbursement for the photocopies, and disallows $150 of the $326.60 requested.

The applications request $90 for FAX charges. No explanation is provided for what was FAX'ed, how such charges were necessary for the estate, why ordinary first class mail would not have sufficed, and the actual cost of the FAX. The Court finds that Applicants have failed to satisfy the burden of proof of entitlement to FAX charges, and disallows $60 from the request. Likewise, Applicants failed to explain the necessity for the $9 Federal Express mail charges, and why ordinary first class mail would not have sufficed. For Applicants' failure to satisfy the burden of proof, this Court disallows the $9 Federal Express charge.

The applications request a total of $66.59 in Westlaw computer research time. This Court finds that such charges are akin to overhead and to the costs of maintaining a library. *Bob's Supermarket's*, 10 Mont. B.R. at 244. Therefore the $66.59 in Westlaw computer research charges are disallowed.

The applications request fees totalling 8.25 hours for legal research. Some of the research charges are lumped together with other services in daily totals, preventing this Court from determining the exact time spent on research. This Court allows time spent on research at half the attorney's usual fee because such research time benefits Applicants' knowledge base as well as the client. *Id.* at 242. Applicants charge for legal research at their normal rate of $90. Accordingly, this Court disallows $371.25 from the fee request for legal research.

This Court finds that the remainder of fees and costs requested are reasonable and necessary to the estate.

IT IS ORDERED Robert G. Drummond is hereby awarded a reasonable attorney's fee in the sum of $3,080.25, and reimbursement for costs in the sum of $1,179.54, to be treated as administrative expenses; and Applicants are hereby authorized to apply the retainer against such award.

IT IS FURTHER ORDERED this Court's Order entered August 6, 1992, is hereby vacated and replaced by this Order.