**In re TRIANGLE GRAIN CO., a California Corporation, Debtor.**

**Bankruptcy No. 86–13618–B–7F. MC #LBK–10.**

United States Bankruptcy Court, E.D. California, Fresno Division.

March 16, 1998.

524

Lawrence B. Kenkel, Wild, Carter & Tipton, Fresno, CA, for Trustee.

James M. Ford, Fowler, CA, Chapter 7 Trustee.

Peter H. Carroll, III, Fresno, CA, for U.S. Trustee.

## ORDER ON APPLICATION FOR FEES BY ATTORNEY FOR TRUSTEE

BRETT DORIAN, Bankruptcy Judge.

### Background

The matter before the court involves a joint application for compensation by attorney Lawrence B. Kenkel and the firm of Wild, Carter & Tipton ("counsel") whose employment as general counsel by the Chapter 7 trustee, James M. Ford ("Ford"), was authorized by the court pursuant to 11 U.S.C.

§ 327(a).[1] The application seeks $111,233.50 in fees and $1,581.02 in costs, for a total of $112,814.52 for the period of April 1, 1993, to April 4, 1997. The United States Trustee ("UST") opposes all fees in excess of $10,288.00 and costs in excess of $346.29. By prior interim ruling of this court at a June 27, 1997, hearing, the unopposed portion of counsel's request for compensation has been approved; but an order so providing has not as yet been entered.

The UST opposes the balance of the compensation requested on the ground that the services covered by that portion of the request were not for the benefit of the bankruptcy estate but rather were for the personal benefit of Ford.

The bankruptcy case was filed as an involuntary Chapter 7 proceeding on October 15, 1986. The debtor filed a voluntary petition converting the case to a Chapter 11 on October 23, 1986. Ford was appointed Chapter 11 trustee on November 18, 1986. On January 20, 1990, the case was converted to a Chapter 7 proceeding with Ford continuing as trustee. Upon the conclusion of his liquidation of the estate assets, Ford submitted to the UST reports and supplemental reports of his activities as trustee, together with requests for compensation and reimbursement of costs.

The normal practice as to such reports is that the UST has 60 days to review the reports and then files them with the court, together with an indication that the report, including its distribution proposal and the trustee's compensation requests are approved or that some or all of such matters are not approved, the reasons being set forth in filed objections and declarations. When objections are filed, a noticed hearing follows. In a given case there may be informal discussions between the UST and the case trustee which result in needed revisions to the report or further actions by the trustee to deal with improper or inadequate performance of the trustee's duties.

In this matter, after interim compensation for Ford had been approved pursuant to a preliminary report, a subsequent report which was not approved by the UST was filed On August 23, 1993, together with the UST's objections to it. The objections asserted that Ford had improperly computed his compensation request by including assets that were not part of the estate and asked that Ford receive no further compensation and that he be required to disgorge all compensation previously received, alleging, among other grounds, that Ford was ineligible to serve as trustee and had improperly and inadequately performed his duties. Ford responded to the objections and the UST filed a reply. A ruling by this court on November 18, 1993, found a number of the UST's objections to be well taken and required that Ford submit a supplemental report. Ford's amended report was filed on September 23, 1994, again accompanied by objections of the UST. Pursuant to hearings commenced on April 5, 1995, this court sustained certain objections and deferred rulings on others.

The disputed fees sought by counsel all arise for services rendered to the trustee after the estate had been fully liquidated and pertain solely to counsel's defense of Ford as to the UST's allegations of misconduct and discrepancies in submitted reports. Pursuant to the discussion which follows, approval of the disputed fees will be denied.

## Discussion

A trustee appointed to serve in a bankruptcy case is a private individual who accepts an appointment as trustee and agrees to perform duties required by law with respect to the administration of the bankruptcy estate. Such a trustee is not an employee of either the United States Courts, which process and hear bankruptcy cases, or the Office of the United States Trustee, which operates as part of the United States Department of Justice and has oversight re-

---

1. 11 U.S.C. § 327(a) provides as follows: "Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, *to represent or assist the trustee in carrying out the trustee's duties under this title.*" (Emphasis supplied.)

sponsibilities in bankruptcy cases, including appointment and supervision of case trustees.

■ A case trustee, in effect, is engaged in a private business for profit. Like any other business, a trustee incurs expenses in connection with the operation of that business. Such costs, other than those for which the trustee may request reimbursement, are home out of the statutory compensation to which a trustee is entitled [see *In re U.S. Trustee,* 32 F.3d 1370 (9th Cir.1994)]. As with any business, the trustee's anticipation is that compensation will exceed expenses and that a profit will be realized. There is no assurance, however, in law, custom or otherwise that a trustee's activities in a given case will result in a profit.

■ The primary role of a Chapter 7 trustee in a case where there are assets available for payment of creditors is to liquidate assets, settle creditors' claims, and distribute a dividend to creditors. It has never been suggested that the assets of a bankruptcy estate comprise a cash cow to be milked by the professionals serving in a case for their personal enrichment.

■ 11 U.S.C. § 327(a) sets a clear limitation as to the scope of services an attorney can perform for the trustee by providing that the purpose of the employment is "to represent or assist the trustee in carrying out the trustee's duties under the title." The inquiry, then, must be as to whether the services for which compensation from estate assets is requested is incident to the "trustee's duties under the title." The easy answer, urged by counsel, is that everything an attorney does on behalf of the trustee is within the limitation, especially when it involves a judicial proceeding, the rationale apparently being that because the judicial proceeding involves the trustee, the trustee may utilize the services of the attorney employed under section 327(a) to pay for those services from estate assets

■ A distinction can, however, and must be made between the services an attorney performs with respect to "the trustee's duties under this title" and the legal defense a trustee may require when the *manner* in which the duties were—or were not—performed is questioned. While the distinction between services with respect to *the trustee's duties* and services with respect to *challenges to the manner in which the trustee carried out the required duties* may not be readily apparent, that fact should not foreclose the inquiry. A simple test is, in fact, available: Was the attorney's service to the trustee provided at the time the "duty" was being performed and therefore a necessary service to the accomplishment of the duty, or was it provided *after* the duty was performed and in a context where the completed duty is being challenged as involving misconduct.

■ Here, the questioned services were provided with respect to matters undertaken not when the duties were being performed but when the completed performance (or a failure to have performed as required) was under review. While a trustee may clearly need the assistance of counsel with respect to challenged performance, the costs for such legal services must be viewed as a business expense of the trustee to be paid as a cost of the trustee engaging in the business of being a trustee. It cannot possibly be claimed that when a trustee is challenged with respect to a completed action—as opposed to a challenge to an act which the trustee proposes to take such as a sale of property, an abandonment of an asset, an objection to a creditor's claim or a debtor's claim of exemption—that the trustee's response to that challenge will in any manner benefit the bankruptcy estate.

■ Here, the UST, using objections to Ford's initial and amended final reports as her procedural vehicle, challenged Ford's request for additional compensation of $33,075.05 and disgorgement of compensation previously approved and received in the amount of $23,103.25, noting various instances of malfeasance and nonfeasance in Ford's performance of his duties as trustee.

This court made various ruling on portions of the UST's objections. Among these rulings [2] were requirements that Ford furnish

---

**2.** The noted rulings are included in this court's "ORDER CONCERNING UNITED STATES

TRUSTEE'S OBJECTIONS AND SUPPLEMENTAL OBJECTIONS TO TRUSTEE'S FIRST

the UST with a schedule identifying moneys received by him or his company from the debtor before and after the bankruptcy filing; approval of a stipulation between Ford and the UST to reduce the trustee's claimed expenses by $2,303.75; and, significantly, elimination of $528,527.77 from the amount to be used pursuant to 11 U.S.C. § 326 in computing the trustee's maximum allowable compensation. Accordingly, by the final hearing on the trustee's fee request, his claim for additional compensation had been reduced from $33,075.05 to $15,022.03.

Remaining claims as to malfeasance by Ford with respect to the issue of his compensation were heard by a judge from a different court district, the Honorable Linda B. Riegle, Bankruptcy Judge for the District of Nevada, because the malfeasance alleged included a claim that the trustee had improperly employed as his Original counsel an attorney later appointed as a bankruptcy judge in this district. The UST's challenge resulted in an ultimate denial of any further compensation to Ford, as well as a requirement that he disgorge the sum of $17,980.40. This result was based on a finding that set Ford's total compensation for his service as trustee at $5,122.85. The court's rulings, however, resulted from its independent review of compensation previously awarded and of the additional compensation being requested by Ford. The court did not base its rulings on the factual allegations presented by the UST but rather on Ford's inability to provide time records which justified the amount of compensation being sought.

Finally, it has been urged that the attorney fee request at issue should be approved pursuant to *In re Nucorp Energy, Inc.,* 764 F.2d 655 (9th Cir.1985). That case, however, stands for the single proposition that in the Ninth Circuit an attorney is permitted to be compensated for the work that the attorney does in connection with the preparation and submission of a fee application, the rationale being that an attorney is required, as part of the rules and statutes governing bankruptcy procedure, to obtain court approval for payment of fees and costs incurred for services rendered pursuant to 11 U.S.C. § 327(a). [*Id.* at 659, *In re Auto Parts Club, Inc.,* 191 B.R. 848, 850 (Bankr.S.D.Cal.1996).] The ruling in no way stands for the proposition that a professional employed to represent the trustee has *carte blanche* to receive payment from the estate for any and all services performed on behalf of the trustee; and, given the clear limits of section 327(a), there is no basis for urging that it does.[3]

Counsel urges-while apparently ignoring the fact that many of the UST's objections were favorably ruled upon—that his fee request should be approved because the UST's grounds for disgorgement did not form the basis for the ultimate ruling on the award of Ford's compensation. As noted, it is not a question of whether the trustee's defense succeeds or fails which determines the right to use of estate assets (to the detriment of creditors) to cover the trustee's legal expenses. It is, rather, the need for which the expenses were incurred. It may be noted, however, that absent the UST's thorough review of, and vigorous opposition to, Ford's reports and compensation requests, ultimate payments to creditors would have been substantially reduced and the integrity of the trustee system diminished.

While the final ruling on Ford's fees may not have directly resulted from the grounds asserted by the UST, the court is satisfied that the actions of the UST in presenting and

AMENDED FINAL REPORT" filed April 27, 1995.

**3.** It has been suggested that absent payment by the estate of attorney fees incurred by a trustee in defending challenges to the trustee's performance, individuals would be unwilling to serve as trustees because of the "modest compensation" provided to trustees. *In re HCS Corporation,* 59 B.R. 307, 309 (Bankr.S.D.Cal.1986). Whatever validity that view may have had in the past, it is noted that established Chapter 7 panel trustees serving this court receive an average of $154,000 annually, plus reimbursement for expenses, from the cases they are assigned. In addition, trustees are permitted to earn additional compensation by representing the bankruptcy estates they administer as attorneys or accountants. Trustees are also permitted to accept outside employment as attorneys, accountants and receivers. It is further noted that errors and omissions coverage is readily available to trustees to protect them against liability claims.

pursuing those grounds were mandated by the UST's responsibilities for oversight.[4]

The application of counsel for fees and expenses in excess of those previously approved is denied.[5] Pursuant to the foregoing,

IT IS ORDERED that upon the joint application filed on May 1, 1997, of Lawrence B. Kenkel and Wild, Carter and Tipton, as attorneys for Trustee James M. Ford, fees are approved in the amount of $10,288.00 and costs are approved in the amount of $346.29. Fees and costs requested in excess of the amounts approved are denied.

---

**4.** It is further noted that the basic facts alleged by the UST in her various challenges to Ford's compensation requests were for the most part true; but as to the issues heard by Judge Riegle, the determination was that the facts did not support the conclusions urged by the UST or were not sufficiently serious to warrant total denial of the trustee's fees.

**5.** Because it has been determined that the services as to which fees have been denied were not included within the scope of counsel's employment, the court has not reviewed the services with respect to the further requirements of 11 U.S.C. § 330(a)(1)(A) and (B) that the fees and costs requested qualify as "reasonable compensation for actual, necessary services" and "actual, necessary expenses."