**In re BABCOCK DAIRY COMPANY OF OHIO, INC., Debtor.**

**Bankruptcy No. 84–00577.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 18, 1987.

See also, Bkrtcy., 70 B.R. 662.

Philip T. Carter, Lansing, Mich., for Michigan Milk Producers Assoc.

Suzanne Cotner Mandross, Toledo, Ohio, for debtor.

Hunter & Schank, Toledo, Ohio, trustee.

Thomas W. Heintschel, Toledo, Ohio, for trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court after Hearing on Michigan Milk Producers Association's Motion To Require Trustee and K.W. Huffman To Reimburse the Estate For Unauthorized Disbursements. At the Hearing, the parties had the opportunity to present any evidence and arguments they wished the Court to consider relative to the merits of this Motion. Both parties have submitted written arguments to the Court in support of their positions. The Court has reviewed the written arguments and the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Motion For Reimbursement should be DENIED.

### FACTS

The facts necessary for this decision do not appear to be in dispute. The Debtor in the underlying bankruptcy proceeding is an Ohio corporation which, prior to the filing of the Order For Relief, was engaged in the retail dairy business. On April 11, 1984, an involuntary Chapter 7 Petition was filed against the Debtor. On April 17, 1984, the Debtor consented to the entry of an Order of Relief. Shortly thereafter, the Trustee was appointed for the purpose of liquidating the Debtor's estate. In an effort to collect the assets of the estate, the Trustee litigated several adversary actions, both before this Court and in related non-core proceedings before the District Court. One of these actions was against Michigan Milk Producers Association, hereinafter "MMPA", in which the Trustee won a sub-

stantial Judgment on a counter claim to MMPA's suit against the Trustee.

This Motion was filed by MMPA to require the Trustee and Mr. Huffman to reimburse the Debtor's estate for unauthorized disbursements. These disbursements were for expenses incurred in the course of litigation with MMPA. The Motion objects to a number of items under 11 U.S.C. § 330, including transcripts done by a reporting service and certain other expenses. The fees for the expert witness are apparently subject to objection under both § 330 and § 327. It is the issue of the fees for the expert witness that are the primary focus of the briefs submitted. The question of whether an expert witness is a "professional person" under 11 U.S.C. § 327(a) raises an issue of first impression.

## LAW

The employment of professional persons is governed by 11 U.S.C. § 327(a), which states in pertinent part:

§ 327. Employment of professional persons

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons ...

The term "professional person" is a term of art for purposes of interpreting § 327(a). Not all persons who might be considered professionals because of their education, abilities or accomplishments, meet the test for being denominated a "professional" under 327(a). *In re Johns-Manville*, 60 B.R. 612, 620 (Bankr.S.D.N.Y.1986).

The Trustee asserts that prior Court approval of Mr. Huffman's appointment is not required because he served only as an expert witness in an adversary proceeding before the District Court. He provided no other services to the administration of the estate and did not assist in the liquidation or preservation of assets of the estate. Accordingly, Mr. Huffman is not a professional person under § 327(a). *In re Seatrain*, 13 B.R. 980 (Bankr.S.D.N.Y.1981).

Counsel for MMPA argues that expert witnesses are professional persons under § 327. MMPA cites a portion of *In re Johns-Manville Corp.*, 60 B.R. 612, 620 (Bankr.S.D.N.Y.1986):

Although the *Seatrain* court recognized that the maritime engineers sought to be retained by that debtor as consultants were members of a profession, the court rejected the argument that they were "professional persons" for purposes of § 327(a). *Rather, the court found that § 327(a) created a distinction between those persons who were merely involved in the mechanics of the debtor's business operations, such as the maritime engineers, and those persons whose employment actually affected the administration of the debtor's reorganization.*

(Emphasis added by MMPA)

It appears that MMPA's argument is based on the premise that because the expert witness was not "merely involved in the debtor's business operations", Mr. Huffman's position as an expert witness therefore "actually affected the administration" of the estate. This proposition assumes that the expert witness cannot be doing some third thing. It should be noted, near the end of the same opinion, the *Johns-Manville* Court states:

This court finds that persons with such a tangential relationship to the administration of the Manville estate do not fall within the rubric of "professional persons" in § 327(a).

*In re Johns-Manville*, at 620. In fact, the expert witness was testifying in related non-core litigation, which does not appear to fit in either of the categories that MMPA regards as all-inclusive. Rather, it seems that an expert witness is in a more "tangential relationship" with the administration of the estate. It cannot reasonably be inferred how such testimony can be construed to have measurably "affected the administration" of the estate. In a case of this size, any affectuation was surely de minimis. MMPA's reading of this passage seems to strain the plain meaning,

even in the bankruptcy context, of "affected the administration".

It is further asserted by MMPA that if an expert witness is not a professional person, then the Attorney for the Trustee would likewise be outside the scope of § 327. Since the Attorney for the Trustee is specifically listed in § 327, they argue that expert witnesses should also be included under the statute. Again, MMPA's argument does not necessarily follow. First, there is a clear magnitude of difference between the duties and responsibilities of an expert witness and those of the Attorney for the Trustee. Second, it appears that the approval of the Court is required to employ the Attorney for the Trustee, in part, because the position carries with it a large degree of discretion and responsibility. Such discretion and responsibility being used in the litigation of claims, and decisions on the methods and tactics of litigation. It appears to the Court that engaging expert witnesses is within that discretion, and that these expenditures are necessary if the Trustee is to do his or her job.

It is important to note that this discretion is by no means unfettered. The Court reviews all applications for expenses under Bankruptcy Rule 2016 and 11 U.S.C. § 330, and sets the level of compensation, or may deny it altogether. It should also be emphasized, the Court is not, in this Opinion, making a final determination as to the amount allowed for Trustee's expenses. The Court is only considering the propriety of the Trustee expending these monies without the express prior approval of the Court and whether or not these funds must be returned to the estate at this time.

The Movant argues that the policy underlying reasons the requirement that professional persons obtain Court approval prior to their appointment also supports a finding that expert witnesses are within the definition of "professional person". MMPA cites the policy argument set forth in *In re Carolina Sales Corp.*, 45 B.R. 750, 753 (Bankr.E.D.N.C.1985):

To avoid the enormous potential for abuse in the hiring of consultants, appraisers, business advisors, and others who offer their professional services and expertise to beleaguered chapter 11 debtors, the court should carefully scrutinize applications for employment before the trustee or debtor contracts for such services. To hold otherwise could be to invite officious intermeddlers and additional unwarranted and unnecessary financial burdens to an already troubled estate, to the detriment of other creditors and to the benefit of none except those employed by the debtor.

The Court agrees with the policy stated in *Carolina Sales*. However, the policy does not apply with equal force to the case at bar which is under Chapter 7. Trustees may become "beleaguered" when faced with a business situation outside their area of expertise. The problems of reorganization can be very complex, and, too often, unsolvable even by persons experienced in the business. Litigation, on the other hand, while complex, is well within the experience and expertise of a Trustee and an Attorney for the Trustee. It is highly unlikely that Trustees, driven by desperation, would begin wildly hiring expert witnesses. This is particularly true when the Court stands ready to disallow unnecessary expenses under Bankruptcy Rule 2016 and 11 U.S.C. § 330.

There are competing policy considerations which weigh in this Court's Decision. It seems somewhat improper for the Bankruptcy Court to be intimately involved in directing and overseeing litigation which is to be brought before it, or before the District Court. The Trustee and the Attorney for the Trustee are in a better position to evaluate the merits and the possible return to the estate. It therefore appears that this is an area where the Court should maintain some discrete distance if there are not countervailing factors requiring the Court's intrusion. In this way, the Court may avoid the appearance of impropriety, partiality, or influence.

Further, a requirement that all expert witnesses be approved by the Court, after notice and hearing, could lead to possible abuse. It has been implied that MMPA's Motion stems from their desire to learn the identity of the Trustee's expert witness at a time when his identity was not otherwise obtainable. Whether that is true in this case or not, it is evident that there is some possibility of abuse if the Trustee can be required, by a party opponent, to disclose the identity of an expert witness at a hearing on the expert's approval.

The other objections of MMPA, under 11 U.S.C. § 330, do not appear to be well taken. The Trustee did file an application to employ Mr. Huffman in accordance with § 330. The other items to which MMPA objects are certainly not properly subject to reimbursement by the Trustee at this time. A Trustee must be able to expend money to fulfill the duties and responsibilities of the position. The Court will, after the filing of a more detailed list of expenses and the appropriate Hearing, consider the final allowance of fees. Until such Hearing, the expenditures are allowed on an interim basis only.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion of Michigan Milk Producers Association is DENIED.