**In re SIELING ASSOCIATES LIMITED PARTNERSHIP, Debtor.**

**Bankruptcy No. 91–10561–AB.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

July 8, 1991.

Lawrence A. Katz, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, D.C., for debtor.

John E. Waites, U.S. Trustee, Jack I. Frankel, Office of U.S. Trustee, Alexandria, Va.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

This matter is before the Court on the application (the "Application") of Sieling Associates Limited Partnership (the "Debtor") to employ James M. Kawecki and Kawecki Associates (collectively, "Kawecki") *nunc pro tunc,* pursuant to 11 U.S.C. § 327(a), as an environmental consultant to monitor certain property (the "Property") of the Debtor for oil contamination. Because Kawecki is not a "professional person," as that phrase is used in Section 327(a), and for the other reasons stated herein, this Court denies the Debtor's Application but holds that the Debtor may employ Kawecki in the ordinary course of business without this Court's approval pursuant to 11 U.S.C. § 1108.

In October 1989, over one year prior to the Debtor's filing of a petition for relief under the Bankruptcy Code, an oil tank exploded on the Property. As a result of such explosion, ground water on the Property was contaminated. The State of Maryland required and continues to require the Debtor to monitor wells and ground water on the Property. Kawecki, an environmental toxicology consultant, was hired by the Debtor in 1989 for the purpose of conducting such monitoring and removing any contaminated ground water.

On February 12, 1991 the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. On April 10, 1991 the Debtor filed the Application. Kawecki has billed the Debtor $2,500 for services rendered subsequent to the filing of the petition and has estimated the cost of its future services to be $7,600. Kawecki holds a claim against the Debtor's estate for $2,370 for services rendered prior to the Debtor's filing of its petition.

The United States Trustee filed an objection to the Application contending that Kawecki is not a "professional person," or, in the alternative, that Kawecki is not "disinterested" as that term is used in 11 U.S.C. § 327(a) in light of the fact that Kawecki is a creditor of the Debtor. The Trustee does, however, concede that the Debtor may employ Kawecki in the ordinary course of the Debtor's business. On April 15, 1991 this Court heard on an expedited basis the Debtor's Application and took the matter under advisement.

In a Chapter 11 reorganization case, a debtor in possession may continue the operation of its business without the necessity of specific court orders. 11 U.S.C. §§ 1107, 1108. However, if in continuing the operation of the business the debtor in possession seeks to employ "professional persons," such employment must be approved by the court. 11 U.S.C. § 327(a) ("the trustee, with the court's approval, may employ one or more attorneys, ... or other professional persons ... to represent or assist the trustee in carrying out the

trustee's duties under this title.").[1] Here, we are called upon to determine whether Kawecki is a professional under 11 U.S.C. § 327(a).

The phrase "professional persons" is not defined in the Bankruptcy Code. However, in *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr.S.D.N.Y.1981), the court defined professional persons as "persons in those occupations which play a central role in the administration of the debtor proceeding." *See also In re Pacific Forest Indus., Inc.*, 95 B.R. 740, 743 (Bankr.C.D. Cal.1989) ("[i]t is only those who deal with the actual reorganization of the debtor (rather than the ongoing business of the debtor) who are required to be employed under § 327 and whose applications for payment must be approved by the Court"); *In re Johns–Manville Corp.*, 60 B.R. 612, 619 (Bankr.S.D.N.Y.1986) ("the phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate.").[2]

In *Seatrain*, a distinction was made between the employment of professionals who actually administer the estate and those who serve mechanical functions necessary for a debtor's operations. 13 B.R. at 981 ("persons in occupations ordinarily considered professions are not necessarily professionals whose retention by the estate requires court approval"). To distinguish between administrative and mechanical functions, we must examine the actual duties involved. If we find "that [the duties have] a tangential relationship to the administration of the [Debtor's] estate ..." such duties are not professional in nature. *Johns–Manville Corp.*, 60 B.R. at 620 (where a debtor in possession employed lawyers as lobbyists, the debtor was not required to seek court approval as such lobbyists were hired in the ordinary course of business and did not play an intimate

role in the reorganization of a debtor's estate). On the other hand, if the duties involved are central to the administration of the estate such duties are professional in nature. *Seatrain*, 13 B.R. at 981. Such duties would seem to include assisting in the negotiation of the debtor's plan, assisting in the adjustment of the debtor/creditor relationship, disposing of assets of the estate and acquiring assets on behalf of the estate. *Johns–Manville Corp.*, 60 B.R. at 621.

Although Kawecki, as an environmental toxicology consultant, would appear to be a member of a profession, he is not a professional person as used in Section 327(a) of the Bankruptcy Code. Kawecki is being hired to test water for contamination due to an explosion in 1989. Notwithstanding the fact that Kawecki's retention may be necessary for the Debtor to comply with Maryland law, Kawecki is not assisting the Debtor with its plan, with the sale or purchase of assets or with negotiating with creditors. Kawecki's duties are not central to the reorganization process.

Although we find that Kawecki is not a professional person under Section 327(a) of the Bankruptcy Code, the Debtor may hire Kawecki in the ordinary course of business pursuant to Section 1108 of the Bankruptcy Code without the prior approval of this court. 11 U.S.C. § 1108 ("[u]nless the court, on request of a party in interest and after notice and a hearing, orders otherwise, the trustee may operate the debtor's business"). Section 1108 does not require persons employed in the ordinary course to be "disinterested" as does Section 327(a). Hence, the fact that Kawecki holds a claim against the Debtor's estate for $2,370 for services rendered prior to the Debtor's filing of its petition does not preclude the Debtor from retaining Kawecki under Section 1108.

---

1. 11 U.S.C. § 1107 gives the debtor in possession the rights and duties of the trustee.

2. Some courts, deviating slightly from the *Seatrain* analysis, require that the person who plays a central role in the administration of the estate also have "special knowledge and skill usually achieved by study and educational attainments whether licensed or not," *In re Metropolitan Hospital*, 119 B.R. 910, 916 (Bankr.E.D.Pa.1990), or have "discretion or autonomy in some part of the debtor's estate," *In re Fretheim*, 102 B.R. 298, 299 (Bankr.D.Conn.1989).

For the foregoing reasons, the Application is denied but the Debtor is permitted to hire Kawecki in the ordinary course of its business to monitor the Property.[3]

---

**3.** Section 363(c)(1) allows a debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). This allows a debtor in possession to "exercise reasonable judgment in carrying out its everyday affairs and ... avoid excessive judicial involvement in its reorganization." *In re D'Lites of America, Inc.,* 108 B.R. 352, 355 (Bankr.N.D.Ga.1989). Although the Bankruptcy Code does give a debtor in possession substantial flexibility to run its business, we remind the Debtor that a debtor in possession is a fiduciary to the estate. *In re Pacific Forest Indus., Inc.,* 95 B.R. 740, 743 (Bankr.C.D. Cal.1989).