In re BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company, Debtor.

BICOASTAL CORPORATION, d/b/a Simuflite, f/k/a The Singer Company,

v.

Victoria H. CLEAR, Defendant.

Bankruptcy No. 89–8191–8P1. Adv. No. 92–112.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 5, 1993.

Harley E. Riedel, Tampa, FL, for plaintiff.

Karen K. Specie, Gainesville, FL, for defendant.

Donald E. Engle, St. Paul, MN, for debtor.

William Goldman, New York City, for Unsecured Creditors' Committee.

## ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a confirmed Chapter 11 case, and the matter under consideration is an adversary proceeding filed by Bicoastal Corporation (Debtor) against Victoria H. Clear (Clear), a former employee of the Debtor. In its complaint, the Debtor seeks a determination by this Court that a "contract of

employment between the Debtor and Clear was unauthorized and invalid and the Debtor is entitled to a cancellation, rescission or reformation of same" (sic). The immediate matters under consideration are Cross–Motions for Summary Judgment filed by the Debtor and Clear. In their respective Motions, both the Debtor and Clear contend that there are no genuine issues of material fact and that each party is entitled to judgment in their favor as a matter of law. The facts relevant to resolution of this controversy are summarized as follows:

The Debtor filed its Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on November 10, 1989. Shortly thereafter, this Court granted the Debtor's Motion for Authority to Operate Business, and the Debtor has continued to operate its business as Debtor–in–Possession pursuant to § 1108 of the Bankruptcy Code.

As part of the operation of its business, the Debtor continued to maintain Defined Benefit Pension Plans (Pension Plans), established by The Singer Company, the predecessor-in-interest of the Debtor, for the benefit of its present and certain former employees. The total assets of these Pension Plans are worth at least $720 million. These assets are held in trust at the Northern Trust Company (Northern Trust), the trustee of the Singer Company Master Trust. Prior to 1991, the assets of the Pension Plans were managed by officers of the Debtor. None of these officers was separately compensated for these services.

On January 8, 1991, David Redmond, the then-Chief Executive Officer of the Debtor, entered into an Agreement to Provide Pension Plan Asset Management Services (Agreement) with Clear. At the time Redmond negotiated and entered into this Agreement, Clear was a practicing certified public accountant not associated with the Debtor, and had no prior experience managing pension plans. According to the Agreement, Clear was appointed as "Named Fiduciary for Asset Management." The Agreement provided that Clear would receive an annual salary of $250,000.00 for five years. In addition, she was also to receive performance commissions, based upon a certain rate of "return goals." The Agreement provided a broad indemnification of Clear and vested in Clear extensive control over the assets of the Pension Plans, as noted earlier, more than $720 million.

The Agreement was approved on January 8, 1991 by the former Board of Directors of the Debtor, consisting of David Tallant and Harry Steffen. Neither the Debtor, nor its former Board of Directors, sought approval by this Court of the employment of Clear.

Subsequently, the Debtor's former Board of Directors was replaced by a new Board of Directors. This is the Board currently in charge of the affairs of the Debtor. On April 25, 1991, the new Board of Directors of the Debtor terminated the employment Agreement with Clear.

Prior to the filing of this proceeding, Clear had filed and later dismissed in California state court an action against the Debtor and others seeking damages for breach and indemnification under the Agreement. After the institution of this adversary proceeding, Clear re-filed her complaint in California. Clear also filed in this Court a Motion to Abstain or in the Alternative to Dismiss on jurisdictional grounds. By Order dated June 19, 1992, this Court denied Clear's Motion finding that this is a core proceeding over which the Court has jurisdiction under 28 U.S.C. 1334(a) and 28 U.S.C. 157(b).

Based upon these facts, the Debtor filed a Motion for Summary Judgment, and Motion to Dismiss Clear's counterclaim, contending that the Debtor was obligated to submit the agreement to engage the services of Clear to the Bankruptcy Court for its approval. In support of its Motions, the Debtor contends that the employment of Clear was the employment of a professional subject to the provisions of § 327 of the Bankruptcy Code, which requires Court approval as a condition precedent to the employment of Clear. Since the Debtor never sought approval of the Agreement by the Bankruptcy Court, the Debtor contends

**218**

that the Agreement is void, and Clear is not entitled to any compensation.

In opposition, Clear contends, first, that she was hired in the ordinary course of the Debtor's business; second, that she is not a professional person subject to § 327 of the Bankruptcy Code; and third, in any event, she was assured that all requisite approvals of the Agreement had been obtained, and she justifiably relied on that assurance.

It is evident from the foregoing that whether Clear was a "professional" subject to the provision of § 327 is a threshold question. This is so because if she was not a "professional" and she was hired by Redmond in the ordinary course of the Debtor's business, and the employment was properly authorized by the Board, she has a valid claim against the Debtor to be charged as a cost of administration pursuant to § 503(b) and § 507(a)(1).

Section 327 of the Bankruptcy Code provides in pertinent part:

§ 327. Employment of professional persons

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

█ It is undisputed that Clear's training and previous professional experience was in the field of accounting. As an accountant, she clearly fits within the definition of "professional person" contained in § 327. In addition, investment advisors, business and financial consultants, and asset managers are professionals whose employment by a debtor requires prior court approval. *In re Daig Corp.* 799 F.2d 1251 (8th Cir.1986); *In re Crest Mirror & Door Co., Inc.*, 57 B.R. 830 (9th Cir. BAP 1986); *In re Mortgage & Realty Trust*, 123 B.R. 626 (Bankr.C.D.Cal.1991); *In re Glosser Bros., Inc.*, 102 B.R. 38 (Bankr.W.D.Pa. 1989). Courts have also looked beyond labels to ascertain whether a person is a

professional under § 327 by looking at the role the party played in the administration of the bankruptcy estate. These courts have defined "professional" as a person who assists the debtor in the administration of the bankruptcy. *See In re Johns–Manville*, 60 B.R. 612 (Bankr.S.D.N.Y. 1981); *Matter of D'lites*, 108 B.R. 352 (Bankr.N.D.Ga.1989); *In re Sielig Associates, Ltd.*, 128 B.R. 721 (Bankr.E.D.Va. 1991); *In re Babcock Dairy Co.*, 70 B.R. 691 (Bankr.N.D.Ohio 1987).

█ It is apparent that Clear was employed by the Debtor to manage, administer, and thereby to invest, the assets of the Pension Plans. This Court is satisfied that her position was one of investment advisor and not a regular employee hired by the Debtor in the ordinary course of the Debtor's business. It is clear that in that capacity, Clear was involved in the administration of the estate, as the assets under her control certainly played a role in the reorganization of this Debtor's finances. Her control over the acquisition and disposal of these assets would have a significant impact on the Debtor's chance to achieve reorganization. This is so because if, as a result of her administration of the Pension Plan assets, the Plan turned out to be underfunded this would have produced some extremely serious, negative and detrimental, consequences. Moreover, one seriously doubts that any Debtor–in–Possession would be permitted to employ one for the salary Clear was receiving under her agreement, especially when the Debtor's CEO was authorized to receive a salary of $275,000.00 annually. Furthermore, it was unlikely that the Debtor would have been authorized to employ someone in this position for a five-year term. Based on the foregoing, this Court is satisfied that Clear was a professional person under § 327, and as such, her employment by the Debtor required this Court's approval, which was not sought or obtained. To overcome the undeniable fact that her employment was not approved by this Court, Clear contends that her employment was in the ordinary course of the Debtor's business relying on § 363(c)(1) of the Bankruptcy Code which provides in pertinent part:

§ 363. Use, sale or lease of property

(c)(1) If the business of the debtor is authorized to be operated under section 721, 1108, 1304, 1203, or 1204 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

This Court is satisfied that Clear's reliance on § 363 is misplaced. It is clear from the very title of § 363 that this Section was designed to provide the Debtor's right to the "use, sale or lease of property." Subclause (c)(1) deals with the Debtor–in–Possession's power to enter into transactions including sale or lease of the property of the estate. Clearly, the Agreement is not the type of transaction contemplated in § 363, and employment does not fall within the scope of this Section. Ordinarily, these conclusions should produce only one result which is that Clear has no valid claim against the Debtor.

However, there still remains a disputed factual issue which is based on Clear's claim that she was assured that her employment was approved, and she justifiably relied on that assurance. If, in fact, she is able to establish by undeniable proof that she was assured that all necessary approvals have been sought and obtained, this Court might favorably consider her recently filed Application to Authorize Her Employment nunc pro tunc or allow a claim on a quantum meruit basis. Whether such assurance was given and her reliance was reasonable is an unresolved factual issue which prevents this controversy from being determined by summary judgment. Therefore, it is appropriate to deny both motions for summary judgment. This leaves for consideration the Debtor's Motion to Dismiss Clear's Counter-claim. In light of the foregoing, this Court is satisfied that the Motion is not well taken and should be denied and the Debtor shall file a reply to the counter-claim within 15 days of the date of the entry of this Order limiting the reply to the remaining issues which are as follows: (1) was Clear, in fact, assured by a representative of the Debtor with authority that all necessary approvals have been obtained; (2) was Clear justified to rely on this assurance; and (3) to what extent her services rendered to the Debtor, if any, could be compensated on a quantum meruit basis.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Clear is hereby denied. It is further

ORDERED, ADJUDGED AND DECREED that a pre-trial conference shall be scheduled before the undersigned in Courtroom A of the United States Bankruptcy Court, 4921 Memorial Highway, Tampa, Florida, on March 3, 1993, at 1:30 p.m.

DONE AND ORDERED.