In re **THAT'S ENTERTAINMENT MARKETING GROUP, INC., et al., Debtors.**

John Clifton **ELSTEAD, Appellant,**

v.

M. **NOLDEN, et al., Respondents.**

Bankruptcy No. 4–85–1625H.
No. 94–0429 SC.

In United States District Court, N.D. California.

May 20, 1994.

---

### ORDER REVERSING ENTRY OF SUMMARY JUDGMENT

CONTI, District Judge.

## I. INTRODUCTION AND BACK-GROUND

This matter is before the court on appeal from the Bankruptcy Court for the Northern District of California where summary judgment was entered against appellant John Elstead. The bankruptcy court held that Elstead was not entitled to a judgment against respondents M. Nolden and M. Newmark for the cost of accounting services performed by Sugarman & Company, or for any other purpose.

Respondent M. Nolden is the bankruptcy trustee for the debtor, That's Entertainment Marketing Group, Inc. ("TEMG"). Respondent Newmark is the trustee's court appointed bankruptcy counsel. The bankruptcy court appointed appellant Elstead as special counsel for the trustee to litigate an intellectual property action on behalf of TEMG (the "TEMG litigation"). Pursuant to the TEMG litigation, Elstead hired Sugarman & Co., an accounting firm, as an expert witness in that case, incurring costs of approximately $10,000 for its services. On January 23, 1991, the TEMG action settled, and TEMG received $700,000 in satisfaction of its claims. All attorney fees and costs incurred in the litigation except the fees for the accounting firm's expert witness services were paid by trustee M. Nolden. Elstead received a fee of $233,000.

On June 29, 1992, representatives of the accounting firm brought an action in the Alameda County Municipal Court against Elstead to recover their fees from the TEMG litigation. Elstead filed a cross-complaint for indemnification against Nolden and Newmark, alleging that the trustee and its counsel were liable for the accounting firm fees and for the costs of defending this action. Nolden and Newmark filed a Notice of Removal to remove the proceeding to the bankruptcy court and subsequently filed a Motion for Summary Judgment.

The bankruptcy court granted the cross-defendants' Motion for Summary Judgment holding that Elstead was "not entitled to judgment against Nolden or Newmark for the costs of accounting services performed by Sugarman & Company, or for any other purpose." The court disclosed no grounds for its decision. After granting summary judgment, the court also remanded the case to the municipal court for adjudication of the accounting firm's claims against Elstead. Elstead appeals the summary judgment ruling and the remand.

## II. LEGAL STANDARD

■ This court reviews a bankruptcy court's grant of summary judgment *de novo*. Summary judgment is proper only when there is no genuine issue of material fact and,

when viewing the evidence in the light most favorable to the non-moving party,[1] the movant is clearly entitled to prevail as a matter of law. Fed.R.Civ.P. 56(c); *Jung v. FMC Corp.*, 755 F.2d 708, 710 (9th Cir.1985). Once a summary judgment motion is made and properly supported, the adverse party may not rest on the mere allegations of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Celotex Corp. v. Myrtle Nell Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In addition, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Bearing in mind that the evidence should be viewed in the light most favorable to appellant Elstead, as the non-moving party, the relevant facts are summarized below.

## III. DISCUSSION

Elstead claims that summary judgment was improper because genuine issues of material fact existed as to whether he received authorization from respondents Nolden and/or Newmark to employ the accounting firm as an expert witness. In support of his claim that the hiring was authorized, Elstead offers his own declaration in which he states that he asked for and received permission from both Nolden and Newmark to hire the accounting firm. He also relies heavily on the fact that during the TEMG litigation, he served Newmark with a copy of the expert witness list in that case, on which he designated representatives from the accounting

firm as experts. According to Elstead, respondents' receipt of the expert witness list demonstrated that they were at least on notice prior to the settlement that the accountants had been retained in connection with the case.

In support of their motion for summary judgment, respondents each offered a declaration in which they (a) deny giving authorization for the hiring of the accounting firm and (b) state that the first time each learned about the employment of the accounting firm was on or after February 15, 1991—after the settlement in the TEMG case. In the court below, respondents advanced two theories for the necessity of this authorization. First, they alleged that authorization was required under a August 23, 1991 stipulation prepared by appellant Elstead and approved by the bankruptcy court which stated that Elstead was to be reimbursed for costs "as they have been submitted to and approved by the Trustee, M. Nolden, and the court." Respondents' core argument, however, is that pursuant to § 327 of the Bankruptcy Code and Bankruptcy Rule 2014, professionals may only be employed by the trustee upon an order of approval from the bankruptcy court. Since no application for employment of the accounting firm was filed with the bankruptcy court and no order issued approving the employment, they contend, they have no obligation to pay the costs for the accountants.[2]

### A. Section 327 and Rule 2014 of the Bankruptcy Code

 Section 327 of the Bankruptcy Code "Employment of Professional Persons," and Bankruptcy Rule 2014 require court approval before a "professional person" may be hired by the trustee. The purpose of § 327 is to insure in advance both that the person's employment is necessary to the estate and that the person employed is disinterested and able to serve the best interests of the estate. *In re Cormier*, 35 B.R. 424 (D.Me. 1981). Section 327 states:

---

1. *Bryant v. U.S. Treasury Dept., Secret Service,* 903 F.2d 717, 720 (9th Cir.1990).

2. Respondents advanced only this latter theory in their reply brief for this appeal.

the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons ... to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327. For purposes of interpreting § 327, the term "professional persons," is a "term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate." *In re Johns–Manville Corp.*, 60 B.R. 612, 619 (Bankr. S.D.N.Y.1986). *See also Matter of D'Lites of America, Inc.*, 108 B.R. 352 (Bankr.N.D.Ga. 1989) (under § 327(a), "a professional person is one who takes a central role in the administration of the bankruptcy estate and in the bankruptcy proceedings"). A person's status as a "professional" is not determinative; the inquiry focuses on that person's duties. "If the duties involved are central to the administration of the estate, such duties are professional in nature." *In re Sieling Associates Ltd. Partnership*, 128 B.R. 721, 723 (Bankr. E.D.Va.1991).

Courts have recognized various duties to be central to the administration of the estate, including assisting in the negotiation of the debtor's plan, assisting in the adjustment of the debtor/creditor relationship, disposing of the assets of the estate and acquiring assets on behalf of the estate. 128 B.R. at 723; 60 B.R. at 621.

▮▮ Applying this standard to the employment at issue in this case, it seems clear that an accountant who is retained solely to testify as an expert witness in collateral litigation does not assume a "central role in the administration of the bankruptcy."[3] The expert's duties do not include any of the qualifying duties mentioned above. An expert

witness is not in the position to formulate strategy or to manage the estate and the liabilities of the estate. While one could argue that the litigation involves an attempt to "acquire assets of behalf of the estate," the expert witness plays only a tangential role in this process, and thus under these circumstances the accountants were not "professionals" within the meaning of § 327.[4]

Other courts have held that expert witnesses in litigation for a bankrupt debtor do not fall into this category. In *In re Babcock Dairy Co. of Ohio, Inc.*, 70 B.R. 691 (Bankr. N.D.Ohio 1987), the court similarly reasoned that expert witnesses should not be considered "professionals" under § 327 because of their tangential relationship to the administration of the debtor's estate. *Babcock* also identified strong policy considerations which weigh against requiring court approval of expert witnesses. The *Babcock* court noted the impropriety in the court becoming too involved with the attorney's management of litigation:

It seems somewhat improper for the Bankruptcy Court to be intimately involved in directing and overseeing litigation which is to be brought before it, or before the District Court. The trustee and the attorney for the trustee are in a better position to evaluate the merits and the possible return to the Estate. It therefore appears that this is an area where the court should maintain some discrete distance if there are not countervailing factors requiring the Court's intrusion. In this way, the Court may avoid the appearance of impropriety, partiality, or influence.

70 B.R. at 693.

▮ Based on the foregoing reasons, this court holds that the employment of the ac-

---

**3.** While accountants are commonly considered professionals under § 327, it is their role in the bankruptcy, rather than their status as accountants which controls. For example, in *In re Bicoastal Corp.*, 149 B.R. 216 (Bankr.M.D.Fla. 1993), the court found that an accountant hired by the Chapter 11 debtor "to manage, administer, and thereby to invest, the assets of the [debtor's] pension plans" fell within the group of professional persons under § 327 because the accountant's control "certainly played a role in the reorganization of th[e] debtor's finances." 149 B.R. at 218.

**4.** Although the litigation itself could be considered central to the administration of the estate, the attorney controls the litigation—the expert witness merely offers evidence in that case. Further, the attorneys are required to be approved by the court under § 327. Such approval is required in part because the position carries with it responsibility and discretion to effectively carry out necessary litigation. 70 B.R. at 693. These responsibilities include engaging necessary expert witnesses for the litigation. It should also be noted that this discretion is limited by § 330 of the Bankruptcy Code which provides that the bankruptcy court shall review (and may deny) all applications for expenses.

counting firm was not subject to the requirements of § 327 and Rule 2014. Accordingly, the fact that there was no order of authorization for employment of the firm is not dispositive.

### B. Summary Judgment

■ Respondents' appeal brief states that the bankruptcy court granted summary judgment based solely on the fact that the requirements of § 327 and Rule 2014 were not met. If the court did rely on these provisions, then summary judgment should be reversed. Unfortunately, the bankruptcy court disclosed no grounds for its decision in its order. Consequently, this court must discuss all possible grounds on which the bankruptcy court may have relied.

■ This court can discern only two other bases upon which the bankruptcy court may have relied in granting summary judgment. Neither of these are proper grounds for summary judgment.

First, respondents contend that they are not liable for the expenses because they did not give authorization to hire the accounting firm. The Bankruptcy Code, however, does not require prior authorization for litigation expenses incurred by attorneys whose employment was authorized by the court under § 327.[5] Thus, unless some agreement existed between the parties providing that the trustee must *only* pay those expenses for which Elstead received prior authorization, summary judgment was not proper for lack of authorization.

■ Second, the court may have determined that an agreement did exist between the parties which created this obligation for authorization. Respondents contend without elaboration that authorization was required under an August 23, 1991 stipulation prepared by appellant Elstead and approved by the bankruptcy court. The stipulation stated that Elstead was to be reimbursed for costs "as they have been submitted to and approved by the Trustee, M. Nolden, and the court."

The significance of the stipulation is unclear from the record. Neither party places substantial reliance on it in their papers.[6] Even assuming the stipulation required Elstead to obtain prior approval for his expenses, however, the court finds that a genuine issue of material fact exists as to whether authorization was obtained. Appellant filed a declaration stating that he did receive authorization and also offered evidence that during the litigation, respondent Newmark received an expert witness list designating representatives of the accounting firm as experts. Although respondents filed a declaration denying authorization, if the facts are viewed in the light most favorable to Elstead, the non-moving party, there is a genuine issue of material fact.[7] Thus, if the bankruptcy court relied upon the stipulation in granting summary judgment, the court finds that summary judgment was improper.

In sum, the court finds no proper basis on which the bankruptcy court could have relied in granting summary judgment.

### C. Order of Remand

Since respondents Nolden and Newmark are still parties to this action, the issue of the accounting expenses should not be remanded to the municipal court, but rather should be tried in the bankruptcy court with all relevant parties.

## IV. CONCLUSION

For the foregoing reasons, the court REVERSES the grant of summary judgment,

---

**5.** Section § 330 of the Bankruptcy Code allows the bankruptcy court to award an attorney reimbursement for "actual and necessary" litigation expenses. Authorization is not required. Whether the expenses were actual and necessary was not addressed in the summary judgment motion.

**6.** Respondents do not even mention the stipulation in their appeal brief.

**7.** The stipulation also requires approval by the bankruptcy court. Respondents do not mention the lack of court approval under the stipulation. Since neither party emphasized the lack of approval by the bankruptcy court in this context, the court will assume that the approval of the bankruptcy court under the stipulation is tied in with whether or not there was approval from respondents—an issue which we have determined is in dispute.

VACATES the order of the bankruptcy court remanding the case to the municipal court, and REMANDS the case to the bankruptcy court for proceedings consistent with the terms of this order.

IT IS SO ORDERED.