**In re RIVER RANCH, INC., Debtor.**

**Bankruptcy No. 93–8213–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 14, 1994.

**604**

Richard C. Prosser, Tampa, FL, for debtor.

Michael Moore, Lakeland, FL, for MDM Services, Inc.

## ORDER ON APPLICATION FOR AUTHORITY TO EMPLOY MDM SERVICES, INC., AS ENVIRONMENTAL CONSULTANT

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 11 case and the matter before the Court is an Application for Authority to Employ MDM Services, Inc. (MDM), as Environmental Consultant filed by the Debtor River Ranch Inc., d/b/a Outdoor Resorts River Ranch (Debtor). The Application is opposed by the United States Trustee on the basis that MDM is a prepetition creditor of the Debtor and, therefore, not eligible to be employed by virtue of § 327 of the Code which provides *inter alia* that the authority to employ professionals by the Trustee and, of course, in turn by a Debtor-in-Possession in a Chapter 11 case is authorized only if the professional does not hold or represent an interest adverse to the estate, and thereby is a disinterested persons.

It is the contention of the U.S. Trustee that by virtue of the definition of the term "disinterested" set forth in § 101(14) a creditor of a debtor is not disinterested and since MDM is admittedly holding a prepetition claim in the amount of $33,094.50 for environmental services performed for the Debtor prior to the commencement of a case, is not eligible to be retained by virtue of the prohibitions set forth in § 327 of the Code. According to the Trustee, the Application should be disapproved unless MDM is willing to waive its pre-petition claim against the Debtor.

As a general proposition, it is true and supported by respected authority that a professional who has a prepetition claim against the Debtor is not disinterested and is not eligible to be employed to represent the Debtor. *United States Trustee v. Price Waterhouse*, 19 F.3d 138 (3rd Cir.1994). The resolution of the U.S. Trustee's objection obviously would depend on the interpretation of the term "professional person." The Code does not define this term but, as noted by this Court in the case of *In re Bicoastal Corp.*, 149 B.R. 216 (Bankr.M.D.Fla.1993), when considering this question the Courts "looked beyond labels to ascertain whether a person is a professional person under § 327 by looking at the role the party played in the administration of the bankruptcy estate."

The case of *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr.S.D.N.Y.1981) furnished a helpful guide in determining the question who is a professional who would fall within the purview of § 327 by stating that professional persons are "persons in those occupations which play a central role in the administration of the Debtor proceeding." The same principle was restated in the case of *In re Pacific Forest Indus., Inc.*, 95 B.R. 740, 743 (Bankr.C.D.Cal.1989).

It is only those who deal with the actual reorganization of the debtor (rather than the on-going business of the debtor) who are required to be employed under § 327 and whose applications for payment must be approved by the Court.

When one really considers the purpose of the prohibition, the conclusion is inescapable that it was designed to prohibit anyone to act in the role of a professional where the interest of the professional is patently and obviously adverse to the interest of the estate and, of course, also to the interest of a debtor. A professional who holds a prepetition claim has a goal to achieve the optimum and get the maximum possible recovery on its claim. The interest of a debtor is to

minimize to the extent possible the claims asserted against the estate. The interest of a professional who holds a prepetition claim is most likely not in line with the interest of the general estate. However, this is not the case of a person who technically might be considered to be a professional but who has no role whatsoever, either in the operation of the debtor's business in general, or plays any role in the reorganization process. This person or entity should not be excused from employment just because that particular professional holds a prepetition claim against the debtor. The exception of the court in *In re Johns–Manville Corp.*, 60 B.R. 612, 619 (Bankr.S.D.N.Y.1986) is apparent where the Court stated "a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."

■ Research of counsel and individual research located one decision which dealt directly with the employment of an environmental consultant whose employment was challenged by § 327(a) of the Bankruptcy Code. *In re Sieling Associates Ltd. Partnership,* 128 B.R. 721 (Bankr.E.D.Va.1991). The facts in *Sieling* are almost identical to the facts involved in the instant case. In *Sieling* the Debtor sought to employ an environmental consultant to monitor and to remove any contaminated groundwater from the debtor's property. Just as in the instant case, the consultant sought to be employed had a prepetition claim for services rendered to the Debtor prior to the commencement of the case. The Bankruptcy Court, consistent with the guidelines cited earlier, and enunciated in *In re Pacific Forest, In re Sieling, In re Johns–Manville, supra,* held that the consultant was not employed to assist the debtor with the Plan of Reorganization, with the sale or purchase of assets, or with negotiating the terms of a Plan of Reorganization with creditor and played no role whatsoever in the reorganization process. Based upon these findings, the court concluded that the consultant was not a professional person. Following the rationale of the *Sieling* court, this Court is satisfied that an environmental consultant is technically a professional but nevertheless is not within the prohibition of employment set forth in § 327(a) even though the entity sought to be employed has

a prepetition claim against the Debtor. This conclusion is based on the undisputed fact that MDM has not sought to be employed to play a pivotal role in the reorganization process and under these facts it is proper to consider MDM as an entity to be employed by the Debtor in the ordinary course of business.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED the Objection of the U.S. Trustee is overruled and the Application is approved.

DONE AND ORDERED.