**In the Matter of FIRST AMERICAN HEALTH CARE OF GEORGIA, INC. and its wholly owned subsidiaries listed on Exhibit "A", Debtors.**

**Bankruptcy Nos. 96–20188 through 96–20218.**

United States Bankruptcy Court, S.D. Georgia, Brunswick Division.

March 29, 1996.

Kathleen Horne, Savannah, GA, for debtors.

### ORDER ON APPLICATION FOR EMPLOYMENT OF HALL HOOPER & COMPANY. P.A. AS SPECIAL ACCOUNTING CONSULTANT

LAMAR W. DAVIS, Jr., Chief Judge.

Debtor's case was filed February 21, 1996, and the above application was filed March 1, 1996, and scheduled for a hearing on March 27. The application reveals that Debtor seeks employment of Hall Hooper & Company, P.A., as special accounting consultant in connection with pending criminal matters. The application further reveals that Hall Hooper & Company, P.A., has been paid $72,989.25 for prepetition services rendered to the debtor corporation in connection with criminal prosecutions brought by the United States and that an additional sum of approximately $67,020.00 for pre-petition services rendered is outstanding. The United States Trustee filed an objection to this application based on the existence of the pre-petition indebtedness and asserts that under 11 U.S.C. Section 327(a), Hall Hooper & Company, P.A., is not disinterested because it is a creditor within the meaning of 11 U.S.C. Section 101(14). 11 U.S.C. Section 327(a) provides in relevant part as follows:

> (a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that. do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Arguably, Hall Hooper & Company, P.A. ("Hall Hooper") is a creditor within the meaning of the Code and would not be qualified for appointment under 11 U.S.C. Section 327(a) because it fails to meet the disinterestedness requirement contained therein. *See Eastern Charter Tours, Inc.,* 167 B.R. 995

(Bankr.S.D.Ga.1994); *United States Trustee v. Price Waterhouse,* 19 F.3d 138 (3rd Cir. 1994).

Debtor contended at the hearing, however, that Hall Hooper's activities in this case are more in the nature of those required of an expert witness than a Section 327(a) professional in that Hall Hooper is not performing regular day-to-day accounting services for the Debtor. Instead, it is accumulating, gathering, analyzing, and presenting accounting information generated internally or by the company's outside accounting firms as an aid to the defendant corporation's criminal defense counsel, first, in defense of the federal indictments and now as an element of the defendant corporation's defense strategy in the sentencing phase of the criminal proceeding.

■ Section 327(a) authorizes a trustee or debtor-in-possession to employ accountants "to represent or assist the trustee in carrying out the trustee's duties under this title." A plain reading of the statute does suggest that Section 327(a) may not be applicable to the employment of an accounting firm when the services rendered are limited to preparation and providing of expert testimony. In the only case cited on this point or which the Court has uncovered, the United States District Court for the Northern District of California concluded precisely that. *In re That's Entertainment Marketing Group, Inc.,* 168 B.R. 226 (N.D.Cal.1994). There, a firm which had been hired to provide expert testimony in collateral litigation was held not to be a professional requiring bankruptcy court approval as a pre-condition to being compensated. "For purposes of interpreting Section 327 the term 'professional persons' is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate" (citations omitted). "A professional person is one who takes a central role in the administration of the bankruptcy estate and in the bankruptcy proceedings. A person's status as a professional is not determinative; the inquiry focuses on that person's duties. If the duties involved are central to the administration of the estate such duties are professional in nature . . . ." (citations omitted).

■ Applying this standard to the employment at issue in this case it seems clear that an accountant who is retained solely to testify as an expert witness in collateral litigation does not assume a central role in the administration of the bankruptcy. *See also Babcock Dairy Co., of Ohio, Inc.,* 70 B.R. 691 (Bankr.N.D.Ohio, 1987). While Section 327(a) might disqualify Hall Hooper's employment as an accounting firm to serve the Debtor generally in the prosecution of this Chapter 11 case because of its pre-petition creditor status, I conclude that Hall Hooper's employment falls outside the scope of Section 327(a). Following the reasoning of these cases, Hall Hooper is eligible to be employed by Debtor's criminal defense counsel as an expert witness to be compensated by them and counsel may seek reimbursement of Hall Hooper's fee as part of its fee application.

■ In that regard, the Court did not inquire, and it was not revealed, whether Hall Hooper will render similar or identical services to the non-debtor individuals who were indicted along with this corporation and against whom guilty verdicts were also returned, Mr. and Mrs. Mills. In the event Hall Hooper & Company, P.A., does serve in this role for Mr. and/or Mrs. Mills, IT IS ORDERED to keep separate time records for discrete services rendered to the Debtor alone or the individuals alone, and to allocate the time it spends on this case between the corporate and individual entities when the services cannot be separated by client in order that compensation for its services from the estate will be limited to those services directly benefiting the corporate debtor, and will not include any services rendered for the personal benefit of the non-debtor individuals.

The application, as modified herein, is approved.

## EXHIBIT "A"

| | | |
|---|---|---|
| FIRST AMERICAN HOME CARE OF ALABAMA, INC., | : | CASE NO. 96–20189 |
| FIRST AMERICAN HOME CARE OF ARKANSAS, INC., | : | CASE NO. 96–20190 |
| FIRST AMERICAN HOME CARE OF CALIFORNIA, INC., | : | CASE NO. 96–20191 |
| FIRST AMERICAN HOME CARE OF COLORADO, INC., | : | CASE NO. 96–20192 |
| FIRST AMERICAN HOME CARE OF FLORIDA, INC., | : | CASE NO. 96–20194 |
| FIRST AMERICAN HOME CARE OF GEORGIA, INC., | : | CASE NO. 96–20193 |
| FIRST AMERICAN HOME CARE OF ILLINOIS, INC., | : | CASE NO. 96–20195 |
| FIRST AMERICAN HOME CARE OF INDIANA, INC., | : | CASE NO. 96–20196 |
| FIRST AMERICAN HOME CARE OF LOUISIANA, INC., | : | CASE NO. 96–20197 |
| FIRST AMERICAN HOME CARE OF MICHIGAN, INC., | : | CASE NO. 96–20198 |
| FIRST AMERICAN HOME CARE OF MISSOURI, INC., | : | CASE NO. 96.20200 |
| FIRST AMERICAN HOME CARE OF NEW MEXICO, INC., | : | CASE NO. 96–20199 |
| FIRST AMERICAN HOME CARE OF NORTH CAROLINA, INC., | : | CASE NO. 96–20201 |
| FIRST AMERICAN HOME CARE OF OHIO, INC., | : | CASE NO. 96–20202 |
| FIRST AMERICAN HOME CARE OF OKLAHOMA, INC., | : | CASE NO. 96–20203 |
| FIRST AMERICAN HOME CARE OF PENNSYLVANIA, INC., | : | CASE NO. 96–20204 |
| FIRST AMERICAN HOME CARE OF TENNESSEE, INC., | : | CASE NO. 96–20206 |
| FIRST AMERICAN HOME CARE OF TEXAS, INC., | : | CASE NO. 96–20205 |
| FIRST AMERICAN HOME CARE OF VIRGINIA, INC., | : | CASE NO. 96–20212 |
| FIRST AMERICAN HOME CARE OF WEST VIRGINIA, INC., | : | CASE NO. 96–20211 |
| FIRST AMERICAN HOME CARE OF VALDOSTA, INC., | : | CASE NO. 96–20210 |
| FIRST AMERICAN HOME CARE OF FT. LAUDERDALE, INC., d/b/a FIRST AMERICAN HOME CARE OF HOLLYWOOD, | : | CASE NO. 96–20209 |
| FIRST AMERICAN HOME CARE OF NAPLES, INC., | : | CASE NO. 96–20208 |
| ABC HOME NURSING, INC., | : | CASE NO. 96–20207 |
| ABC HOME HEALTH AND HOSPICE OF BRUNSWICK, INC., | : | CASE NO. 96–20215 |
| ABC HOME HEALTH & HOSPICE OF ALBANY, INC., | : | CASE NO. 96–20213 |
| ABC HOME HEALTH & HOSPICE OF MACON, INC., | : | CASE NO. 96–20214 |
| OCONEE AREA HOME HEALTH & HOSPICE SERVICES, INC., | : | CASE NO. 96–20216 |
| ABC HOME HEALTH & HOSPICE OF DUBLIN, INC., | : | CASE NO. 96–20217 |
| ABC HOME HEALTH & HOSPICE OF SAVANNAH, INC., | : | CASE NO. 96–20218 |